CHARLES JESTER and SAMUEL A. McDANIEL, Trading as JESTER AND McDANIEL, d. b. a., *vs.* WILLIAM J. KNOTTS, Administrator of CHARLES WATERS, Deceased, p. b. r. *

(<em>June</em> 10, 1904.)

ACTION BY ADMINISTRATOR-PLEA-SET-OFF-REPLICATION-PROBATE OF NOTES-STATUTORY PROVISIONS-APPLICABILITY-TORT-WAIVER-ASSUMPSIT.

1. Where in assumpsit by an administrator defendant pleads a set-off consisting of notes given to defendant by the intestate, a replication to the plea to the effect that there are no assets in the hands of the administrator, and that there are prior claims against the estate, will be stricken out by virtue of *Rev. Code, p.* 794, *c.* 106, § 22, authorizing a set-off in an action by an administrator in case of mutual debts between intestate and defendant.

2. Probates of notes admitted in evidence without objection under a plea of set-off in an action by an administrator are produced in time when produced at the conclusion of the testimony on both sides, and after a motion has been made for the exclusion of the notes for want of probates.

3. *Rev. Code, p.* 677, *c.* 89, § 29, providing that before an administrator shall pay a debt due from the intestate the creditor shall make affidavit that nothing has been paid on the debt, and that the sum demanded is due, has no application when the creditor of the intestate sets up his claim as a set-off when sued by the administrator.

4. Where one tortiously takes possession of property of another, and sells it, and obtains money therefor, the owner may sue the wrong doer in tort for a trespass or for a conversion, or he may waive the tort, and sue for money had and received from the proceeds of the sale.

NOTE: This case was reported in 57 *Atl.* 1094, but was inadvertently omitted from the then current official volume. See Conaway v. Pepper, *post.*

Argued before PENNEWILL and BOYCE, J. J.

*William H. Heald* for d. b. a.

*Walter L. Willis* and *Josiah Marvel* for p. b. r.

Superior Court, New Castle County, September Term, 1903.

APPEAL FROM JUSTICE OF THE PEACE, No. 160, September Term, 1903.

Action by William J. Knotts, administrator of Charles Waters, deceased, against Charles Jester and another, trading as Jester and McDaniel. From a judgment by a justice of the peace in favor of plaintiff, defendants appeal. Verdict for defendants.

Action of assumpsit on the common counts to recover money which plaintiff alleged the defendants had and received to the use of the plaintiff from the sale of a horse, wagon, and harness belonging to Charles Waters at the time of his death. The pleas were non-assumpsit, payment, and set-off; the set-off consisting of two promissory notes given by Waters to McDaniel and Jester —one for one hundred and sixty-three dollars and forty cents, dated August fourth, 1902, and the other for thirty-four dollars and seventy-five cents, dated August twenty-third, 1902—each being due and payable two months after date. The replications of the plaintiff to the plea of set-off were (1) no assets in the hands of the administrator, and (2) prior claims against the estate.

Mr. Heald, for defendants, moved to strike out the above replications, stating that he could not join issue thereon, the same being contrary to the statute. *Section 22, c. 106, Rev. Code, p. 794.*

BOYCE, J.:—Under *section 22, c. 106, Rev. Code,* 1893 *p.* 794, we think that the replications to the plea of set-off should be stricken out.

The replications being stricken out, the defendants joined issue.

At the conclusion of the testimony on both sides counsel for the plaintiff requested that the notes, admitted in evidence without objection under the plea of set-off, be excluded from the consideration of the jury for the want of probates, whereupon the defendants produced probates, which were objected to by counsel for the plaintiff as being offered too late.

BOYCE, J.:—We are of the opinion, under the authority of *Sipple v. Scotten*, 1 *Harr.* *106*, that the probates are produced in time. And we may add we are also of the opinion, after careful consideration, that the statutory requirement respecting a probate (*section* 29, *c*. 89, *Rev. Code* 1893, *p*. 677) has no application to this case.

BOYCE, J., charging the jury:

This action was brought before a justice of the peace by William J. Knotts, administrator of Charles Waters, deceased, against Charles Jester and Samuel A. McDaniel, trading as Jester and McDaniel, who have appealed to this court. Upon this appeal the case is tried as though the suit had been commenced here originally, and you are in no wise to consider the determination reached before the justice. The plaintiff brought his action in assumpsit to recover money which he alleges the defendants had and received to the use of the plaintiff from the sale of a horse, wagon, and harness belonging to the said Charles Waters at the time of his death. We may say to you that there is no evidence whatever that the defendants ever sold or received any money for the wagon and harness, or in any manner converted either to their own use; and you should disregard this part of the plaintiff's demand altogether. The plaintiff claims that before and at the time of the death of the said Charles Waters the latter was the owner of the horse, and that the defendants, within a few days after the death of the said Charles Waters, wrongfully took possession of said horse, and subsequently sold it for the price or sum of one hundred and forty dollars. The plaintiff now seeks to recover this latter sum from the defendants, together with interest thereon from the day of

the alleged sale. It is well settled that if a person has sold something belonging to another, and received and retained the money for it, the law raises an implied promise to pay the money to the party entitled to it. So, if one tortiously takes possession of property, and sells it, and thereby comes into possession of money belonging to another, the law will not permit him to deny an implied promise to pay the proceeds as money had and received to the use of the party entitled. The owner of the property thus taken and disposed of may either disaffirm the act, and treat the taker as a wrongdoer, and sue him for a trespass or for a conversion of the property, or he may waive the tort, affirm the act, and have an action like this for money had and received from the proceeds of the sale. Note *Hutton v. Wetherald*, 5 *Harr.* 38; *Cooley on Torts*, 922.

In arriving at your verdict, it will be necessary for you to determine first whether Charles Waters, the plaintiff's intestate, was the owner of the horse at the time of his death, for the plaintiff's right to recover any sum whatever in this action rests upon such ownership, and the burden of establishing it to your satisfaction by the greater weight of the evidence is cast upon the plaintiff. *Section 22, c.* 106, *Rev. Code*, 1893, *p.* 794, provides that "if either party sue, or be sued, as an executor, or administrator, and there are mutual debts between the testator, intestate, and the other party, one debt may be set off against the other." And the defendants, under their plea of set-off, have put in evidence two promissory notes, purporting to have been made by the said Charles Waters in his lifetime, to the order of the defendants, which they allege are still outstanding and unpaid. It will therefore be necessary also for you to determine what amount, if anything, be due and owing on said notes from the plaintiff to the defendants. If you find that the said Charles Waters did own the horse at the time of his death, and that subsequently the defendants did wrongfully take or receive into their possession and did sell the horse and receive the money therefor, as alleged, and have not accounted for the same to the plaintiff, then the plaintiff would be entitled to recover the amount which the defendants received for the horse, together

with interest thereon, from the date of the sale. But in that event it would be your duty to deduct therefrom such sum which you may find from the evidence to be due and owing to the defendants from the plaintiff; and if you should find that the amount due to the defendants from the plaintiff is greater than the amount received from the sale of the horse, with interest, your verdict should be for the defendants for the difference. And further we may say to you that if the said Charles Waters was not the owner of the horse at the time of his death, your verdict should be for the defendants for such sum as you may find from the evidence to be due and owing to them from the plaintiff on said notes, with interest.

You have heard the evidence in this case, and you are the sole judges of its weight and value. Your verdict, after a careful consideration, should be according to the weight of the evidence. When testimony is conflicting, you must reconcile it if you can. If you cannot, you must give credit to those witnesses who, under all the circumstances, in your judgment, are most entitled to belief. And to this end you may take into consideration the fairness of the witnesses, their opportunities for knowing that of which they have testified, their intelligence, their appearance on the stand, and every other element and characteristic enabling you to properly estimate the credit to be given to each of them.

Verdict for defendants for two hundred and eighteen dollars and five cents.