JOSEPH SCHILANSKY AND SARAH SCHILANSKY, for the use of BARTHOLOMAY BREWING COMPANY, a corporation of the State of New York, *vs.* THE MERCHANTS AND MANUFACTURERS FIRE INSURANCE COMPANY, a corporation of the State of Delaware.

*Fire Insurance—Policy; Provisions of, how Construed—Action; how Brought—Preliminary Proof of Loss; for what Purpose used at Trial—Written Papers; Construed by Court—Contract—Evidence — Verdict.*

1.   In considering the provisions of policies of insurance relating to matters required to be done by the insured subsequent to the loss, which do not alter the risk of the insurer or increase the liability, it is the prevailing practice of the courts to give to such provisions a construction favorable to the insured so far as the same can be reasonably done.

2.   It is the duty of the Court to construe written papers which have been admitted in evidence, and to instruct the jury as to the meaning and effect of the same.

3.   Upon an examination of the provisions of the policy of insurance sued upon in respect to the proof of loss required to be made before suit, and also the paper purporting to be the preliminary proof of loss, *held* that the requirements of the policy as to preliminary proof of loss had been substantially and sufficiently complied with. And especially so in view of the uncontroverted testimony in the case that there was a total destruction of the insured property, and that all of the books, accounts and papers of the plaintiffs were also at the same time destroyed.

4.   The persons with whom the contract of insurance was made, and who had the legal right to sue upon it, are the proper parties plaintiff, notwithstanding the fact that the defendant company marked the policy for the use of another.

5.   The paper held by the Court to be a sufficient preliminary proof of loss to meet the requirements of the policy in that regard, is not to be considered by the jury as proving, or tending to prove, the ownership of the property at the time of the execution of the policy, or at the time of the loss, or the fact of the loss, or the amount of the loss, or any other material fact in issue in the case.   Such questions are to be determined by the jury from the testimony of the witnesses.

6.   What the verdict should be, in case the jury find for the plaintiff.

(*May 5, 1903.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Robert H. Van Dyke* and *F. C. Gooden (of the Rochester, N. Y., Bar)* for the plaintiffs.

*George M. Jones* and *William M. Hope* for the defendant.

Superior Court, Kent County, April Term, 1903.

ACTION OF ASSUMPSIT (No. 56, April Term, 1902), on a policy of insurance (made out to the said Schilanskys to the amount of $1,500) for a loss sustained in the total destruction of a saloon belonging to the Schilanskys, also the fixtures of the said saloon and stock of liquors.

The pleas were non assumpsit and three special pleas—*first*, that the plaintiffs had an additional policy of insurance without the knowledge of the defendant; *second*, that the assignment of the policy to the Bartholomay Brewing Company was without the knowledge or consent of the insurance company, and, *third*, that the plaintiffs furnished no proof of loss or notice within thirty days, such as required by the policy. It was in evidence that the property was destroyed on the twelfth day of November, 1901, after midnight, and that the following proof of loss was received by the President of the company, at Dover, on December 11, 1901, and by him forwarded to the Chicago office of the company, viz:

"Form No. 711.

"Policy No. 30367·       PROOF OF LOSS.       Amount of Policy.
"Renewal No.———              to                      $1500.00.
"MERCHANTS AND MANUFACTURERS FIRE INSURANCE COMPANY OF DOVER, DELAWARE.

"By your policy of Insurance No. 30,367, issued at your Chicago Agency, dated the 10 day of June 1901, and expiring the 10 day of June 1902, at 12 o'clock noon, you insured Sarah

Schilansky and J. Schilansky against loss or damage by fire, to the amount of Fifteen hundred Dollars, according to the terms and conditions printed therein; the written portion and all indorsements, transfers and assignments being as follows :

"Loss if any payable to Bartholomay Brewing Company as their interest may appear.

"The Total Insurance on said property, or any part thereof, at the time of the fire, including the above mentioned policy, was, Fifteen hundred Dollars, and no more.

"(Full copies of the written portions of all other policies and endorsements, transfers and assignments are hereunto annexed or will be furnished on demand.)

"The Property described in said policy Belonged, at the time of the fire hereinafter mentioned, to Sarah Schilansky & J. Shilansky and no other person or persons had any interest therein, except as follows :

"The Building described, or containing the property described in said policy, was occupied at the time of the fire as follows :

First floor—Saloon and fixtures.    Refrigerator.
Second floor—Living rooms.    Sarah Schilansky.
Third floor—     "      "      "      "
Fourth floor— ——————————————————
Fifth floor— ——————————————————
and for no other purpose whatever.

"A Fire occurred on the 11th day of November, 1901, about the hour of 2.30 o'clock A. M., by which the property described by said policy and situate as therein named was destroyed or damaged, as hereinafter set forth in detail, said fire originating as follows : The fire started in Geisberger Hotel Restaurant about 25 feet from Insured's saloon; two-thirds of the town was destroyed.    The loss of insured was a total loss, nothing saved whatever.

"The Actual Cash Value of each specific subject thus situated and described by the aforesaid policy at the time of loss, and the Actual Loss and Damage by said fire to the same, as shown by an-

nexed schedule, and for which Claim Is Hereby Made, were as follows:

| | Land Value | Total Loss | Total Ins. | Amount Named in this Policy | Claimed Under this Policy |
|---|---|---|---|---|---|
| 1st. Item of Policy, Stock | 1600.00 | 1492.25 | 500.00 | 500.00 | 500.00 |
| 2nd " " " Fixtures | 1200.00 | 1200.00 | 500.00 | 500.00 | 500.00 |
| 3rd " " " Refrigerator | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |

Total Amount Claimed of this Company under above named Policy $1500.00.

" (For a detailed statement of value and loss, see schedule herewith, which is made a part of this Proof of Loss.)

"At the time said insurance was effected, the property described by said policy belonged to Sarah Schilansky and J. Schilansky; and the said fire did not originate by any act, design or procurement on the part of the assured, or this affiant, or in consequence of any fraud or evil practice done or suffered by said assured, or this affiant; nothing has been done by or with the assured's, or this affiant's privity or consent to violate the conditions of the policy, or render it void; no articles are mentioned herein but such as were in the building damaged or destroyed, and belonging to, and in the possession of, the said assured at the time of fire; no property saved has been in any manner concealed, and no attempt to deceive the said Company, as to the extent of said loss, has in any manner been made.

"Any other information that may be required will be furnished on call, and considered a portion of these proofs.

" It is expressly understood and agreed that the furnishing of this ' Proof of Loss' blank to the assured or making up of proofs by an adjuster, or any agent of the Company or Companies named herein, is not a waiver of any rights of said Company.

" Witness our hands at
" Davis, W. Va., this 9th day of
" December, 1901.

her
" SARAH X SCHILANSKY,
mark
" J. SCHILANSKY, Assured.
" December 9th, 1901.

" STATE OF WEST VIRGINIA, ⎫
  " COUNTY OF TUCKER,       ⎬ SS :
                           ⎭

" Personally Appeared Sarah Schilansky and J. Schilansky, signers of the foregoing statement, who made solemn oath to the truth of the same, and that no material fact is withheld that the said Company should be advised of.

" Subscribed and sworn to before me, the day and date above written.

"A. M. CUNNINGHAM, *Notary Public.* [SEAL]

" Witness to mark of Sarah Schilansky, A. R. Stallings, Davis, W. Va."

(" SCHEDULE)

" J. & SARAH SCHILANSKY.

$500.00 On Stock, Wines, Liquors, Beers, Cigars, Tobacco, and such other articles as are usual to Saloon Stocks.

$500.00 On Saloon Furniture and Fixtures, Bar, Back Bar, Mirrors, Screens, Glass Ware, and such other Articles as are used in furnishing and conducting a Saloon, all while contained in frame building, situate on East side of East Ave., in Thomas, Tucker Co., W. Va.

$500.000 On Beer in storage in frame Building, situate adjoining building above described.

" Other insurance permitted.

" It is understood the Storage Building above described is in course of construction.

" Attached to and forms a part of Policy No. *30,367.*

" C. A. VANANDEN & Co., *Agents.*"

The above proof of loss was returned on January 22, 1902, by the adjuster of the defendant company to the attorney for the plaintiffs, at Dover, as " being incomplete, insufficient, and not in accordance with the conditions of said policy."   On February 26,

1902, plaintiffs made further proofs and forwarded same to defendant, which were received by the latter March 7, 1902. Plaintiffs, however, based their claim upon the proofs first sent, as set out above.

The parts of the policy relied upon by the parties as being material under the pleadings, were as follows:

As to Insured having other Policies.—"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." * * * * * * * *

As to Interest in Favor of Another.—"Or if this policy be assigned before or after a loss." * * * *

As to Proof of Loss, Notice, etc.—(Lines 72 to 121 of policy.) "If fire occur the insured shall give immediate notice in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the whole, stating the quantity and cost of each article and the amount claimed thereon; and, within thirty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and all others in the property; the cash value of each item thereof and the amount of loss thereon, whether any and all incumbrance thereon or upon any part thereof, setting out in full the nature, purposes and conditions thereof; whether any and all other insurance, whether valid or not, covering any of said property; and a copy of all policies pertaining to any property described in this policy; whether any and if so what change in the title, use, occupation, location, possession or

exposures of said property, and of any property within one hundred feet thereof, and of all exposures of any row of buildings as defined in this policy, commencing within one hundred feet of the property herein described since the issuing of this policy ; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of the fire, and shall furnish, if required, verified plans and specifications of any building, fixtures or machinery destroyed or damaged ; and if such proofs of loss shall not be furnished within the time specified, or, if any proofs of loss which may be furnished shall not comply in every particular with the above requirements, this policy and such proofs of loss shall be void and of no effect ; and this company shall not be required to return to the assured any defective proof of loss, nor shall this company be required to point out or specify to the assured any defects or objections to such proof of loss, nor shall the objection by this company to any defect in any such proof of loss be taken or deemed to be a waiver of any other defects therein or objections thereto, it being expressly understood and agreed, by the assused, by the acceptance of this policy, that any and all proofs of loss shall be made by the assured at his or her own risk as to any and all defects therein; and this company under no circumstances shall be deemed or held to have waived any objection to proofs of loss, unless such waiver is made in writing and signed by its President or Secretary.

" The insured, as often as required, shall exhibit to any person designated by this company all that remains of any property herein described, and submit to examination under oath, by any person named by this company, and subscribe to the same when reduced to writing, and a refusal to subscribe to the same shall cause a forfeiture of all right to recover under this policy; and, as often as required, shall produce for examination all books of account, bills, invoices and other vouchers or certified copies thereof if originals be lost, at such reasonable place as may be designated by this company or its representative, and shall permit extracts and copies

thereof to be made, and a representative of the company may examine the insured under oath or otherwise concerning any loss without having waived any condition or requirement of furnishing formal proofs by the insured.

"In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expenses of the appraisal and umpire, but the award shall not determine the liability of this company.

"The assured agreeing thereto by the acceptance hereof, this company shall not be held to have waived any provision or condition of this policy, or caused any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until ninety days after the notice, ascertainment-estimate and satisfactory proof of loss herein required have been received by this company, including an award by appraisers when appraisal has been required.

"This company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by and expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property, and the extent of the application of the insurance under this policy or of the contribution to be made by this company in case of loss may be provided for by agreement on condition

SCHILANSKY, et al. vs. FIRE INS. CO.    301

STATEMENT OF FACTS.

written hereon or attached or appended hereto.    Liability for re-insurance shall be as specifically agreed hereon.

" If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or municipal, this company shall, on payment of the loss, be subrogated to the extent of such payment to all right of recovery by the insured for loss resulting therefrom, and such right shall be assigned to this company by the assured on receiving such payment, the assured hereby agreeing to prosecute all claims for the benefit of this company at its expense.

" The assured agreeing thereto by the acceptance hereof, no suit or action on this policy, for the recovery of any claim, shall be sustained in any court of law or equity until after full compliance by the assured with all the foregoing requirements, nor unless commenced within six months after the date of fire and not afterwards; and provided also that execution upon any award or judgment of said court as against said company shall not issue until after the expiration of three months from the rendition thereof."

*Bernard Schilansky*, being sworn on behalf of the plaintiffs, testified that he was the manager of the saloon belonging to the plaintiffs and had entire charge of the business for the said owners, and that on the date in question the property above mentioned was totally destroyed by fire, the said fire communicating to the saloon from an adjoining hotel; that the defendant was notified through its resident agent, and that the above stated proof of loss was made out and forwarded to the defendant company within the time specified in the policy of insurance; that the proof of loss contained as full a statement as he could give from memory, all papers and books having been destroyed with the saloon, stock and fixtures, and that no settlement had been received from the said defendant company.

Plaintiffs also proved by the treasurer of the Brewing Company that the insurance policy had been transferred to the said

Brewing Company by the Schilanskys for an indebtedness due the said company for the stock and goods furnished to the said saloon, and that nothing had been paid to the Brewing Company on account of said policy.

The manager of the Brewing Company testified that at the time of the fire he was representing the Brewing Company as a traveling man and knew of the insurance on the property of the plaintiffs at the time and that it was for the benefit of the Brewing Company for the indebtedness due them from the Schilanskys, amounting to about fifteen hundred dollars.

### MOTION FOR NONSUIT.

The plaintiffs rested and the defendant moved for a nonsuit upon the following ground. *First,* that the ownership of the property at the time of the taking out of the insurance had not been proved; *second,* that the ownership at the time of the fire had not been proved, and, *third,* that the plaintiffs have declared on an absolute assignment in these words, "and afterwards, to wit, on the tenth day of June, A. D. one thousand nine hundred and one, the said defendant marked the said policy so that any loss or damage that might accrue thereunder should be payable to Bartholomay Brewing Company, for whose use this suit is brought."

SPRUANCE, J.:—That is not a declaration of absolute assignment; it is in substance a declaration of use.

*Fourth.* Because no proof of loss conforming to the requirements of the policy of insurance was filed with the company as required by the terms of the said insurance policy, within thirty days after the fire nor within ninety days before the commencement of the suit. (Lines 72 to 121 of the policy).

SPRUANCE, J.:—The Court are of the opinion that there is

sufficient evidence to go to the jury as to ownership at the time the policy was taken out and at the time of the fire. If you look at the proof of loss which has been admitted in evidence by your consent, you will find set forth that "at the time said insurance was effected, the property described by said policy belonged to Sarah Schilansky and J. Schilansky, and that no other person or persons had any interest therein;" * * * "and the said fire did not originate by any act, design or procurement on the part of the assured." We overrule your first two grounds.

We have already passed upon number three, as to assignment. Part of number four remains—failure of proof of loss to conform to requirement of policy. You may discuss such of the points relating to that as the court have not ruled upon.

(After further discussion the Court ruled as follows.)

SPRUANCE, J.:—The Court are unanimously of the opinion that you have not stated sufficient grounds to sustain a nonsuit, and we, therefore, decline to grant a nonsuit.

(The defendant then offered in evidence the second proof of loss—above referred to as not being relied upon by the plaintiff— and the same was admitted without objection, and the defendant rested.)

(The plaintiff called Bernard Schilansky in rebuttal, and, after explaining the circumstances under which the second proof of loss was prepared, and also the ownership of the property alleged to have been destroyed, both sides closed their testimony.)

## PLAINTIFF'S PRAYERS.

The plaintiff prayed the Court to instruct the jury as follows:

1. That the sufficiency of the preliminary notice and proofs is a question for the Court and is not to be considered by the jury.

2. That the proof of plaintiff's claim before the jury being

unimpeached and no defense thereto being offered by the defendant, their verdict should be for the plaintiff, for the value of the property lost, not exceeding the amount specified under the policy, together with interest from the day that suit was brought.

3. That where the loss is total, including all books and accounts, it is not necessary for the insured to guess at the items destroyed, but a general statement alleging the total loss is sufficient.

4. That if the company received the proofs of loss and deemed it insufficient, they were bound to return it promptly, pointing out the defect therein, and upon their failure to do this the insured had a right to presume that such proof was sufficient.

5. That the return of the said proof forty-two days after it was filed with said company is not in time to permit it to take advantage of the insufficiency thereof.

### Defendant's Prayers.

The defendant prayed the Court, *inter alia,* to instruct the jury as follows:

1. That it was necessary for the plaintiffs to prove the ownership of the property at the time of the issuance of the policy of insurance, upon which the action is brought.

2. That it is necessary for the plaintiffs to prove the ownership of the property destroyed at the time of the fire.

3. That it is necessary for the plaintiffs to prove that a proof of loss or statement conforming *with all the terms contained in lines 72 to 121 inclusive of said policy of insurance was duly filed with the defendant company within thirty days after the fire.*

4. That it is necessary for the plaintiffs to prove that a proof of loss or statement conforming to all the requirements contained in lines 72 to 121 inclusive of said policy of insurance was filed with the defendant company at least ninety days before the bringing of this suit.

5. That it is necessary for the proof of loss or statement

required by the terms of said policy of insurance to set out each of the following facts :

(a)   A complete inventory, stating the quantity and cost of each article destroyed or damaged, and the amount claimed thereon.

(b)   The knowledge and belief of the insured as to the time and origin of the fire.

(c)   The interest of the insured and all others in the property.

(d)   Whether any and all incumbrance thereon.

(e)   Whether any and all other insurance and a copy of all policies pertaining to any of said property.

(f)   Whether any and, if so, what change in the title, use, occupation, location, possession or exposures of said property and of any property within a hundred feet thereof.

6.   That the proof of loss admitted in evidence in this case cannot be taken as proof of the ownership of the property described in said policy of insurance at the time of the issuance thereof or of the alleged loss, *for the purposes of this trial.*

7.  That it is necessary for the plaintiffs to prove an assignment (or use) indorsed upon said policy as absolute and complete and of the same nature as that alleged in the declaration.

8.  That all the evidence as to ownership of the property destroyed either at the time of the fire or at the time of the issuance of the policy, which was introduced by the plaintiff in rebuttal was inadmissible, and should not be considered by the jury.

SPRUANCE, J., charging the jury :

Gentlemen of the jury :—This action is brought in the names of Joseph Schilansky and Sarah Schilansky for the use of Bartholomay Brewing Company, and is brought by the proper parties ; the Shilanskys being the persons with whom the contract of insurance was made ; and they having the legal right to sue upon it notwithstanding the fact that the defendant company marked the policy for the use of said brewing company.

It is not controverted that the paper admitted in evidence dated December 9, 1901, purporting to be the preliminary proof of the total loss by fire of the insured property, was made by the plaintiffs on the day of its date and was received by the president of the defendant company on the eleventh day of the same month; which was within thirty days from the date of the alleged loss and more than ninety days before the commencement of this action.

It is contended by the defendant company that this paper was not such a detailed proof of loss as was required by the policy of insurance to entitle the plaintiff to maintain this action.

In considering the provisions of policies of insurance relating to matters required to be done by the insured, subsequent to the loss, which do not alter the risk of the insurer or increase the liability, it is the prevailing practice of the courts to give to such provisions a construction favorable to the insured so far as the same can be reasonably done.

It is the duty of the Court to construe written papers which have been admitted in evidence, and to instruct the jury as to the meaning and effect of the same.

We have carefully examined and considered the provisions of the policy of insurance sued upon in respect to the proof of loss required to be made before suit and also the said paper of December 9, 1901, purporting to be the preliminary proof of loss, and we are of the opinion, and now instruct you that the requirements of the policy as to preliminary proof of loss have been substantially and sufficiently complied with.

This is especially so in view of the uncontroverted testimony in the case that there was a total destruction of the insured property and that all of the books, accounts and papers of the plaintiffs were also at the same time destroyed.

This paper which we have determined to be a sufficient preliminary proof of loss to meet the requirements of the policy in that regard, is not to be considered by you as proving or tending to prove the ownership of the property at the time of the execution

of the policy or at the time of the loss, or the fact of the loss, or the amount of the loss, or any other material fact in issue in this case.

These latter questions, viz., as to the ownership of the property, the loss, the amount thereof, and the other material facts, are to be determined by you from the testimony of the witnesses examined before you in this case.

If you find a verdict for the plaintiff, it should be for the value of the property destroyed, not exceeding $500 for each of the three classes of property described in the policy, and not exceeding $1500 for the whole, with interest thereon from a date ninety days after the delivery of the proof of loss to the defendant company.

Verdict for plaintiff for $1602.75.