DAVID C. WILLIAMS *vs.* ARMOUR CAR LINES.

*Assumpsit—Refrigerator Cars—Special Contract—Defense, Inability to Perform; Effect of.*

1. If a person enters into a special contract with another, mere inability to perform the contract will not relieve the defaulting party, except he be prevented by the act of God or by the public enemy.

2. If the defendant engaged to deliver to the plaintiff at a certain place, two cars, as alleged by the plaintiff, and did not so deliver them by reason of a shortage in the cars at the time, whether the fact of such shortage was known to the plaintiff or not, this would not relieve the defendant from the performance of its contract.

3. In such case the plaintiff would be entitled to recover such a sum as would compensate him for the loss or damage which he sustained by reason of the failure of the defendant to perform his engagement with him.

(*October* 17, 1906.)

Judges SPRUANCE and BOYCE sitting.

*Robert C. White* for plaintiff.

*Charles W. Cullen* for defendant.

Superior Court, Sussex County, April Term, 1908.

ACTION OF ASSUMPSIT (No. 32, April Term, 1904), to recover for loss occasioned to the plaintiff by reason of failure of defendant to deliver certain refrigerator cars.

BOYCE, J., charging the jury:

Gentlemen of the jury:—We decline to give you binding instructions to find for the defendant.

This is an action of assumpsit, brought by David C. Williams, the plaintiff, against the Armour Car Lines, the defendant company, to recover, by way of damages, for an alleged loss which the plaintiff claims he has sustained by reason of the neglect or refusal of the defendant company to deliver to him, at Frankford,

in this County, on the 25th day of May, A. D. 1903, two re-frigerator cars for the purpose of loading and shipping straw-berries, in accordance with an agreement, which, the plaintiff alleges, was made with him by Mr. Grier, an agent of the defen-dant company, on the 23d day of May, two days before.

The plaintiff bases his right to recover upon a special agree-ment or contract which he alleges was made between him and the defendant company, such as we have just stated; and he does not rely upon any responsibility of the defendant company as a com-mon carrier independently of the alleged special contract. It is admitted that at the time the alleged contract was made, Mr. Grier was an agent of the defendant company for the purpose of soliciting business for the company and for making arrangements for distributing its cars to persons requiring them. So that you are not concerned with the question of Mr. Grier's agency or with the question of ownership of the cars.

As this case has developed, it involves no special questions of law upon which we should charge you. The issue presented is simply one of fact for your determination under all the evidence adduced before you; and you should arrive at your verdict from the evidence and nothing else.

We may say to you very generally that if one enters into a special contract with another mere inability to perform the con-tract will not relieve the defaulting party, except he be prevented by the act of God or by the public enemy. If you find from the evidence in this case that the defendant company did engage to deliver to the plaintiff, at Frankford, the said two cars, as alleged by the plaintiff, and that the said company did not so deliver them by reason of a shortage in the cars at the time, whether the fact of such shortage was known to the plaintiff or not, this would not relieve the defendant company from the performance of its contract; and in such case the plaintiff would be entitled to recover such a sum as will compensate him for the loss or damages which he sustained by reason of the failure of the defendant to perform its engagement with him.

The defendant in this case denies that any such contract was

entered into, but it claims, on the contrary, that there was a shortage in its cars at and before the time alleged, and that the plaintiff was notified not to buy any berries to be loaded in its cars unless it had them on the side track at Frankford, at the time. If you should find that the defendant did not enter into the alleged contract or undertaking, the plaintiff would not, in that event, be entitled to recover.

Where there is conflict in the testimony, as in this case, you should reconcile it if you can. If you cannot, you should give credit to and be governed by the testimony which you deem most worthy of belief, taking into consideration the intelligence, apparent truthfulness, bias and impartiality of the witnesses. In civil cases the preponderance or weight of the testimony governs the jury in its determination, and it should govern you in this case. And after carefully considering all the evidence you should return your verdict in favor of that party in whose favor it preponderates. If you find for the plaintiff your verdict should be for such a sum as will compensate him for his loss on any berries he may have bought, if any, growing out of the failure of the defendant to deliver the said two cars at Frankford, as alleged. And if you find that by reason of the alleged contract, the plaintiff was induced to buy and did buy strawberries, and that he was unable to ship them for a day or two afterwards by reason of the alleged default of the defendant, and not until the berries were in a damaged condition, and that while they were in such condition the defendant company induced the plaintiff to ship them, and he did so ship them at the instance and request of the defendant, the plaintiff would be entitled to recover in addition whatever freight charges he may have paid on the shipment so made, in excess of any proceeds he may have received in return for the shipment. If you find that the plaintidff has sustained damages from either or both of the alleged causes, you may add interest to the amount of such damages from the 25th day of May, A. D. 1903.

Verdict for plaintiff for $1551.64.