MOLINE JEWELRY COMPANY *vs.* OTWELL, LOWE and TULL.
MOLINE JEWELRY COMPANY *vs.* WARRINGTON.

1. CONTRACTS—NATURE OF OBLIGATION.

A "contract" is an agreement between two or more persons, upon sufficient consideration, to do or not to do a particular thing.

2. CONTRACTS—CONSTRUCTION—WRITTEN CONTRACTS.

When an agreement is reduced to writing, the whole understanding of the parties, in the absence of fraud, is embraced within its terms.

3. SALES—WARRANTY OF QUALITY—RETURN OF GOODS.

Where jewelry, sent to a buyer under the terms of a written contract containing an undertaking to replace articles not wearing satisfactorily, are goods of the kind and quality contemplated by the contract, the buyer has no right to return them, except under the warranty of wear, and having done so, he is liable for the contract price; but, if the goods sent are different in kind and quality from those described in the contract, the warranty of wear does not apply and the buyer may return the goods that do not correspond with the terms of the contract, without any liability for the agreed price.

4. SALES—REMEDIES OF SELLER—ACTION FOR PRICE — TRIAL — WEIGHT OF EVIDENCE.

In an action by the seller for the contract price of goods, which the buyer had returned on the ground of a defect of quality, the jury, in determining the issue of quality, is bound by a preponderance of the evidence.

5. SALES—REMEDIES OF SELLER—ACTION FOR PRICE—AMOUNT OF RECOVERY.

In an action by the seller of goods sold for a fixed price under written contract, where the seller has delivered goods of the quality sold, but the buyer has not paid for the goods delivered, a jury may find for the plaintiff for such sum as he finds due him, with interest from the time when it was due.

(*October* 11, 1910.)

Judges WOOLLEY and HASTINGS, sitting.

*Robert G. Houston* and *Robert P. Davis* for plaintiffs.

*Robert C. White* for defendants.

Superior Court, Sussex County, October Term, 1910.

ACTION UPON A CONTRACT FOR THE SALE AND DELIVERY OF GOODS AND WARES (No. 22, October Term, 1906).

The facts appear in the charge of the court.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—In this case the plaintiffs seek to recover from the defendants the sum of $216.70, with interest from the fourth day of August, 1905, which they claim to be due and owing them for goods and wares sold and delivered to the defendants pursuant to a written contract bearing date the thirty-first day of July, 1905. This writing is in form an order for jewelry, signed by the defendants, addressed to the plaintiffs and countersigned by the plaintiffs' salesman, which in addition to a description of the kind and quantity of the jewelry ordered, contains mutual promises and undertakings of the two parties, as follows:

"Following is a list of goods and terms for our $216.70 orders:

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

"On condition that the purchaser complies with all the terms of this order at the time and in the manner stated hereon and promptly meets any obligation entered into with the Moline Jewelry Co., uses ordinary diligence in the sale of these goods, will sell nothing at a less profit than is usually charged on jewelry, and will make out and send to the Moline Jewelry Co. by registered mail at the end of every sixty days a report showing the goods on hand, the Moline Jewelry Co. guarantees that the gross profits from the sale of the goods purchased herein shall average $33\frac{1}{3}$ per cent. per year for three years and if the profits do not amount to $33\frac{1}{3}$ per cent. per year as above provided the Moline Jewelry Co. will buy all goods remaining on hand unsold and pay the original invoice price for same.

"Terms of Payment.—One-fourth of the amount due in 4 months, one-fourth in 6 months, one-fourth in 9 months, one-fourth in 12 months without interest. A discount of 6 per cent. will be made for cash in 15 days. The terms of credit above provided will only be allowed if acceptances payable to our order are

given within 15 days from date of invoice; otherwise, terms are cash 30 days.

"Warranty.—The Moline Jewelry Co. will replace free of charge any article not wearing satisfactorily.

"Exchange Privilege.—Any goods contained in this order may be exchanged for different styles or patterns or other articles purchased in this order any time after compliance with terms of settlement.

"The Moline Jewelry Co. is hereby authorized to issue a draft on the purchaser hereof for 50 cents worth of jewelry to each of 100 persons whose names and addresses he may furnish them, said draft to be redeemed by him with goods furnished free for advertising purposes in the above order.

"Moline Jewelry Co., Moline, Illinois.

"Gentlemen:—On your approval of this order please deliver to us at your earliest convenience f. o. b. transportation companies, either at distributing point or at factory point, the above described goods and no others on the terms and conditions herein set forth and no others, (all of which I have read and found complete and satisfactory).

"Date:  7-31, 1905.

"Name of Customer:  Otwell, Lowe & Tull.  P. O.  Laurel, County: Sussex.    State: Delaware.    Freight Station:  Laurel. Express Office:  Laurel.

"Salesman:  Bouldin.

"Form 27.

"Free one Floor Case Size 4 ft. long 40 in. high.  1 Large & 15 Smaller Catalogues."

The plaintiffs represent that this order was secured by samples, that the contract on their part was fully executed and performed by delivering jewelry to the defendants that in quality, grade and workmanship compared with the samples and corresponded in character and quantity with the terms of the contract,  that the defendants have not availed themselves of the warranty or exchange clauses of the contract, and have not executed the acceptances or otherwise made payment for the goods so sold and delivered, as therein provided.  The plaintiffs further represent

that the defendants offered to return to them the goods, which offer they aver was refused, and the goods, if returned, were not received.

The defendants resist the claim of the plaintiffs and contend that the goods were not purchased by sample, as none was shown to them, that the goods they purchased were enumerated and described in the contract, but the goods they received were not as represented in the contract, that they tarnished and became discolored upon contact with the air and were of a quality different from that described in the contract, and that they shipped the goods back to the plaintiffs, and therefore they should not be compelled to pay for them.

It therefore appears from the evidence submitted to you that this is an action on a contract in which the plaintiffs, averring full performance of their undertakings on their part, seek to recover damages for the alleged failure of the defendants to perform on their part their promises and undertakings. In legal contemplation, a contract is "an agreement between two or more persons, upon sufficient consideration, to do or not to do a particular thing," and when that agreement is reduced to writing, as in this case, the whole understanding of the parties, in the absence of fraud, is embraced within its terms.

The contract being thus expressed and its meaning thus ascertained, there devolves upon you simply the duty to determine whether the plaintiffs have performed their part of the contract by delivering to the defendants, goods of the quantity and quality described in the invoice, and whether the defendants have kept their part of the agreement by paying for what they agreed to buy, or are within their rights when they returned the goods delivered and refused to pay for them.

The defendants returned to the plaintiffs the goods which they received from them, and claim that they were returned because they were not as represented in the contract. If from the evidence you are of opinion that the goods delivered were of a kind or quality contemplated in the contract, then the defendants had no right to return them, except for replacement under the warranty against wear, and the defendants are liable for their

Charge.

payment, in the manner and for the amounts indicated in the contract; but if the goods delivered were different in kind and quality from those described in the contract, then the warranty clause against wear does not apply, and the defendants may return the goods that do not correspond with the terms of the contract without liability to pay for them.    These issues you are to determine from the evidence introduced in this case, of which you are the sole and exclusive judges and with respect to which the court has no authority to address you.    In determining these issues, you are to be controlled by the preponderance of evidence, and by reconciling when you can, the evidence that you find conflicting, accepting that which you deem most worthy of credit and rejecting that which you consider least worthy of credit, having regard to the interest, bias or fairness of the witnesses and their opportunities to see and understand that to which they have testified.

If you should find that the plaintiffs have delivered the goods of the quality and kind ordered, and otherwise done the things undertaken by them in the contract, and that the defendants have not kept their promises by paying for the goods so sold and received, then your verdict should be for the plaintiffs for such sum as you find due them, together with lawful interest thereon from the time it became due.

If, however, you find that the plaintiffs have failed to keep their promise to deliver to the defendants, goods of the kind and quality described in the contract, and for that reason the defendants returned the goods to them, and that nothing is due and owing to the plaintiffs under the contract, your verdict should be for the defendants.

Verdict for defendants.