IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PHILLIP T. EDWARDS, ESQUIRE,          :
Guardian *Ad Litem* of NAVAEH L.      :      C.A. No: K13C-10-017 RBY
DESHIELDS, a Minor Child,             :      In and for Kent County
                                      :
          Plaintiff,                  :
                                      :
     v.                               :
                                      :
KIDDIE KOLLEGE INSTITUTE,             :
                                      :
          Defendant.                  :


*Submitted: June 28, 2016*
*Decided: July 8, 2016*


*Upon Consideration of Plaintiff's Motion for Costs,*
*Expert Fees, and Post-Judgment Interest*
GRANTED IN PART and DENIED IN PART

**ORDER**


Chase T. Brockstedt, Esquire, Baird Mandalas Brockstedt, LLC, Lewes, Delaware and Brian D. Kent, Esquire, Laffey, Bucci & Kent, LLP, Philadelphia, Pennsylvania for Plaintiff.

Jason M. Avellino, Esquire, Naulty Scaricamazza & McDevitt, LLC, Wilmington, Delaware and Gerard X. Smith, Esquire, Naulty Scaricamazza & McDevitt, LLC, Philadelphia, Pennsylvania for Defendant.


Young, J.

## SUMMARY

Navaeh DeShields, through her guardian *ad litem* Phillip Edwards, Esq. ("Plaintiff") has filed a motion for certain costs, expert fees, and post-judgment interest. This motion comes following a jury verdict of $150,000 in favor of Plaintiff rendered on June 2, 2016.

## PLAINTIFF'S MOTION FOR COSTS AND EXPERT FEES

Plaintiff has moved for costs following judgment in her favor against Defendant, pursuant to Superior Court Civil Rule 54 and statutes 10 *Del. C.* §§ 5101, 5112, and 8906. Plaintiff has timely filed this motion. The claims of Plaintiff are as follows:

- Service of Process Costs: $30.00

- Further Costs to be Determined by the Prothonotary: TBD

- Expert Witness Fee for Dr. Edward Dragan: $4,022.55

- Expert Witness Fee for Ann Burgess, RN: $2,462.50

- Deposition Videographer Costs: $3,275.00

- Trial Technology Support Costs :$20,804.40

- Total: $30,594.45

Defendant does not object to the service of process costs or the Prothonotary's itemized statement of costs to be delivered shortly. Therefore, these costs will be awarded without further discussion.

### *Expert Witness Fees*

Pursuant to 10 *Del. C.* § 8906, Plaintiff is entitled to recover reasonable fees associated with the testimony of her experts. In a motion for costs regarding expert

witness fees, "the prevailing party may only recover fees associated with the expert's time spent testifying or waiting to testify, along with reasonable travel expenses."[1] "The award of costs for expert witness testimony is committed to the sound discretion of the trial court."[2]

The fees for Dr. Dragan's trial testimony for 4 hours, his travel time at ½ the testimony rate, and his hotel expense are appropriate. The attributions for mileage and tolls are subsumed in his travel rate. Thus, the attributable reimbursement for Dr. Dragan is $3,714.95.

The fees for Ms. Burgess are appropriately for 2 hours of testimony, travel time at the same percentage, and hotel, for a total of $1,341.50.

## *Deposition Costs*

As noted by Defendant, the costs for depositions are limited to trial depositions to be presented in lieu of trial testimony due to a witness' unavailability. Those costs are for the video recording played to the jury, without the duplication of the transcript cost. Plaintiff has presented a bill for $650.00 reflecting a "best estimate" of the amount attributable to the video of Rebekah Sawchak-Reibsome. That is a reasonable calculation.

The charge for Dr. Kaza, which was for extra editing, Defendant having paid for the video, is not a proper charge.

---

[1] *Miller v. Williams*, 2012 WL 3573336, at *2 (Del. Super. Aug. 21, 2012)(citing *Merced v. Harrison*, 2009 WL 3022134, at * 1 (Del. Super. Sept. 1, 2009)).

[2] *Taveras v. Mesa*, 2008 WL 5244880, at *1 (Del. Super. Dec. 10, 2008)(citing *Donovan v. Del. Air Res. Comm'n*, 358 A.2d 717, 722–23 (Del. 1976)).

The discovery depositions, portions of which were used for various purposes during trial, are not chargeable costs.

### *Trial Technology*

This was not a complicated trial. The highly sophisticated, and clearly very expensive, all-day-every-day availability and sometime use of technical support was, presumably, useful to Plaintiff, but was not at all necessary for the jury's consideration of the material presented. It cannot be considered a reasonable cost under 10 *Del. C.* § 8504.

Accordingly, the following costs are, therefore, awarded:

- Service of Process Costs: $30.00

- Further Costs to be Determined by the Prothonotary: TBD

- Expert Witness Fee for Dr. Edward Dragan: $3,714.95

- Expert Witness Fee for Ann Burgess, RN: $1,341.50

- Deposition Videographer Costs: $650.00

- Total: $5,736.45 (plus Prothonotary's costs)

### **PLAINTIFF'S MOTION FOR POST-JUDGMENT INTEREST**

Plaintiff also moves for post-judgment interest at the rate set pursuant to 6 *Del. C.* § 2301. The statute allows post-judgment interest at 5% over the Federal Reserve discount rate, currently set at 1%.

Defendant's argument that pre- and post-judgment interest are not distinguished by the statute (and, therefore, arguable not recoverable) is not well taken. The quoted case language and accompanying cited case law refers only to the

rate of interest.[3] Thus, Plaintiff's requested 6% post-judgment is proper. Interest at the rate of 6% per annum as of June 2, 2016 is awarded.

For the foregoing reasons, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED**.

/s/ Robert B. Young
Judge

RBY/lmc
*Via File & ServeXpress*
oc:    Prothonotary
cc:    Chase T. Brockstedt, Esq.
       Brian D. Kent, Esq. (via email)
       Jason M. Avellino, Esq.
       Gerard X. Smith, Esq. (via email)
       Opinion Distribution

---

[3] *Transcched Sys.*, 2012 WL 1415466, at *6 ("The parties dispute the calculation of the pre- and post-judgment interest rate. As an initial matter, the relevant statute for this calculation does not distinguish between pre- and post-judgment interest. The same interest rate, then, will apply to both pre- and post-judgment interest calculations.") (citing *Rollins Env't. Servs., Inc. V. WSMW Indus., Inc.*, 426 A.2d 1363, 1367 (Del. Super. 1980) ("That sentence provides a formula for determining the legal rate of interest and makes no reference to judgment and hence does not distinguish between pre-judgment and post-judgment interest.")).