**MARYLAND CASUALTY COMPANY, a Maryland corporation, Defendant-below, Appellant, and Cross-Appellee,**

v.

**Carol Lee HANBY, Trustee for David S. M. Hanby, et al., Plaintiff-below, Appellee, and Cross-Appellant.**

Supreme Court of Delaware.

Jan. 4, 1973.

Reargument Denied Jan. 24, 1973.

F. Alton Tybout, of Tybout, Redfearn & Schnee, Wilmington, for appellant and cross-appellee.

Alfred M. Isaacs, of Flanzer & Isaacs, Wilmington, for appellee and cross-appellant.

WOLCOTT, C. J., CAREY, J., and MARVEL, Vice-Chancellor, sitting.

CAREY, Justice:

Maryland Casualty Company, defendant below (herein "Appellant"), has appealed from a decision of the Superior Court awarding interest and counsel fees to the plaintiff below, Carol Lee Hanby, Trustee for David S. M. Hanby and Hillery A. R. Hanby (herein "Appellee"). The appellee has filed a cross-appeal which charges error in the amount of interest allowed her by the trial court.

In May, 1969, a building insured by appellant and owned by appellee was substantially damaged by fire. After negotiations for settlement of the loss failed, suit was filed on September 12, 1969. Within a few days thereafter, the appellant demanded appraisal according to the policy provisions. The Superior Court held that this demand was proper and stayed the action pending outcome of the appraisal. The appellee appealed and we affirmed. 265 A.2d 28. The appraisal took place in August, 1970, and resulted in an award in excess of $63,000.00.

A few days after the award was made appellant submitted a draft to the appellee for the exact amount of the award, stating

that it was tendered with the understanding that no further payments for interest or counsel fees would be made. Appellee declined to use the draft, but later cashed it under an agreement that the payment made would not be considered a waiver of appellee's right to recover interest and counsel fees if the Court ordered them paid. The matter was duly brought before the Court below. The Superior Court's final Order entered in February, 1972, required payment of interest commencing 60 days after proof of loss was waived and ending on August 20, 1970 (the date of the draft), excepting therefrom the period from December 23, 1969 (the date of the stay pending appraisal) to April 1, 1970 (the date of our affirmance of the original decision). The Court below also awarded appellee attorney's fees, to be paid by appellant, for services rendered in the suit, excluding services connected with the prior appeal to this Court. The award also included nothing for any services rendered prior to the preparation and filing of the complaint or in connection with the appraisal itself.

In making the foregoing ruling, the Court held that the appraisal award had the same practical effect as a judgment; it further held that the filing of suit by the appellee precipitated appellant's request for an appriasal, wherefore the suit had an effect on the disposition of the dispute.

## I

As to the interest allowed, we find no adequate reason for reversal. The trial Judge is vested with some discretion in a matter of this nature, and, in exercising it in this case, doubtless took into consideration all of the actions of the parties, including his finding that there had been some intractableness on both sides. Much, but not all, of the blame for the delay in terminating the case was caused by appellee's filing of suit rather than demanding appraisal according to the contract. We decline to reverse the interest award.

## II

The award of counsel fees was made in reliance upon 18 Del.C. § 4102, which reads as follows:

"§ 4102. Attorney's fees

The court upon rendering judgment against any insurer upon any policy of property insurance, as 'property' insurance is defined in section 904 of this title, shall allow the plaintiff a reasonable sum as attorney's fees to be taxed as part of the costs."

We must disagree with the theory, advanced by the insured, that this statute requires the allowance of a fee in all suits upon insurance policies. This case does not, in our opinion, present a situation in which a fee should be awarded. As we held in our prior opinion, *supra,* the appellee's remedy in case of disagreement concerning the amount of loss was to demand arbitration, rather than to file suit. The very purpose of that contractual provision is to avoid the expense and delay of a law suit, a purpose which completely fails if a party is permitted to ignore it. The result of the prior decision was to put the parties back in the same position they were in before commencement of suit. In short, appellee disregarded the contract terms by bringing the suit instead of demanding appraisal; the appellant should not be penalized therefor.

The statute of course requires, as a condition to an allowance of counsel fees, the rendering of a judgment against the insurer. As we have seen, there has never been a judgment entered for the amount of the loss. The Court below considered that the appraisal award was the equivalent of a judgment, stating that the filing of suit doubtless precipitated appellant's request for appraisal. With this conclusion we cannot agree. When the insured decided that an amicable settlement could not be made, her remedy was to demand appraisal; no valid reason has been given for her failure to follow that procedure. As Judge

Layton pointed out in Henlopen Hotel Corp. v. Aetna Insurance Co., 38 F.R.D. 155 (Del.1965), the quoted statute was provoked by "the wilful and obstructive tactics of some insurance companies in earlier times in refusing to pay losses in order to take advantage of an insured's need for money." The Act is not designed to benefit an insured who without just cause insists upon suit in violation of an arbitration provision of the policy. Decisions in other states under similar statutes agree with this conclusion. 46 C.J.S. Insurance 713.

For the foregoing reasons, we think the allowance of attorney's fees was reversible error.

The judgment below must be modified by eliminating the amount awarded for counsel fees; as so modified, it will be affirmed.