Philip L. MOSKOWITZ, Trustee,
Plaintiff below, Appellant,

v.

MAYOR AND COUNCIL OF WILMING-TON, now known as the City of Wilmington, Defendant below, Appellee.

Supreme Court of Delaware.

Submitted June 14, 1978.

Decided Aug. 14, 1978.

John T. Gallagher, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff below, appellant.

Jeffrey S. Goddess, City Sol., and Michael P. Maguire, Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

In this action to recover interest from the City of Wilmington on a refund of excess property taxes paid, the plaintiff appeals from the Superior Court's denial of his motion for summary judgment.

## I.

In 1960 and 1961, the plaintiff, after remitting property taxes upon property for which he is the trustee, challenged in an appeal to Superior Court the assessment on the property, which is located in the City of Wilmington. For reasons not in the record, a decision was not rendered by the Superior Court until 1974.[1] In its decision, the Superior Court determined that the property was over-assessed and that plaintiff was entitled to a refund. Thereupon, the City paid to the plaintiff a sum representing the refund on the overpaid taxes together with interest from the date of the Superior Court judgment. The plaintiff then sought a declaratory judgment to the effect that the City should have paid interest on the tax payments from the date of payment thereof. The plaintiff's motion for summary judgment was denied by the Superior Court. The plaintiff appeals; we reverse and remand.

## II.

Interest is awarded in Delaware as a matter of right and not of judicial discretion. As a general rule, interest accumulates from the date payment was due the plaintiff, because full compensation requires an allowance for the detention of the compensation awarded and interest is used as a basis for measuring that allowance. *Metropolitan Mut. Fire Ins. Co. v. Carmen Holding Co.*, Del.Supr., 220 A.2d 778 (1966). See also *Levien v. Sinclair Oil Corporation*, Del.Ch., 314 A.2d 216 (1973). It should follow, therefore, that the plaintiff is entitled to recover interest from the City for a period preceding the entry of judgment.

The City contends, however, that since it is a municipal corporation the Trial Court was correct in exempting it from paying interest for the period preceding judgment. According to the City, *713 Company v. City of Jersey City*, N.J.Super., 94 N.J.Super. 210, 227 A.2d 530 (1967), upon which the Trial Court relied, states the general rule that a municipality is not liable for interest on a tax refund except as provided by statute. In support of the validity of this rule, a number of rationales are offered by the City.[2]

---

1. The Superior Court is hereby directed to report to this Court the reasons for such lapse of time.

2. That as interest is allowed only where there is delay on the part of the debtor, delay or default cannot be attributed to a government since it is presumed always ready to pay what it owes. *Monarch Mills v. S. Carolina Tax Comm.*, S.C. Supr., 149 S.C. 219, 146 S.E. 870 (1929); that public policy demands government occupy a favored position in litigation, *Schlesinger v. State*, Wis.Supr., 195 Wis. 366, 218 N.W. 440 (1928); that interest being a creature of statute is recoverable only by statute or contract, *Lakefront Realty Corp. v. Lorenz*, Ill.Supr., 19 Ill.2d 415, 167 N.E.2d 236 (1960); that as a practical matter there is no money to pay interest in absence of a special fund for that purpose, *Lakefront Realty Corp. v. Lorenz, supra*; and that money may not be drawn from the City Treasury absent a legislative act, *New England Mutual Life Ins. Co. v. Reece*, Tenn. Supr., 169 Tenn. 84, 83 S.W.2d 238 (1935).

It appears that where, as in Delaware, there is no statute regarding the imposition of interest on tax assessment refunds, the jurisdictions are about evenly divided as to whether interest may be recovered by the taxpayer for the period prior to judgment. *Anno*: "Tax Refund or Credit-Interest", 88 A.L.R.2d 823. Upon due consideration of the prevailing views, and given the strong policy in Delaware of providing full compensation to a prevailing plaintiff, we find the rule permitting the recovery of interest to be more reasonable. We discern no compelling reasons to support the rule that the City should not be governed by the same rules regarding interest as any other litigant. Indeed, this conclusion is impelled by virtue of § 1–101 of the City Charter wherein the City has been deemed to waive any special privileges in the conduct of litigation. See *City of Wilmington v. Spencer*, Del.Supr., 391 A.2d 199 (7/25/78). Thus, we hold that the Trial Court erred in relying upon *713 Company* and exempting the City from payment of interest prior to judgment.

While we agree with the plaintiff that interest should be paid for the period prior to judgment, we do not agree with the plaintiff's contention that interest should invariably be computed from the day the improper tax assessment was paid. The computation of interest may vary from case to case, depending upon two considerations.

▮▮ The prevailing rule in those jurisdictions permitting recovery of interest, which we adopt, is that interest is awarded from the date the taxpayer gave notice to the governmental entity that the taxpayer considered the tax payment unlawful or improper. See 88 A.L.R.2d 823, 827. The rationale underlying this rule is that money is not due and payable, and thus not in default, until there has been a demand therefor. See also 56 Am.Jur.2d *"Municipal Corporations"* § 883 stating the well-settled general rule that a claim against a municipality does not draw interest until a demand has been made for its payment. Thus, a taxpayer may recover interest from the date the tax payment was made if the payment was accompanied by adequate notice that the payment is considered to be excessive, improper, or unlawful; but if such notice did not accompany the tax payment then interest will not begin to accumulate until there has been a later act constituting notice to the taxing authority that, in the opinion of the taxpayer, the tax is excessive, improper, or illegal.

▮▮ A second factor affecting the computation of interest is whether the plaintiff has been guilty of delay in pursuing his claim. While interest is a matter of right in Delaware, the Trial Court does have some discretion in determining the amount of interest where there has been undue delay in the process of a lawsuit, *Maryland Casualty Company v. Hanby*, Del.Supr., 301 A.2d 286 (1973); for it is improper for a plaintiff to benefit by his failure to prosecute his own claim. Thus, where there has been an inordinate delay[3] the Court may take into consideration all of the actions of the parties and apportion fault for any delay, thereby reducing the interest due in accordance with the degree of the plaintiff's or his attorney's responsibility for the delay in determining the question at issue.

▮▮ The record is silent in the instant case as to the reasons for the 14 year inordinate delay between payment of the taxes and the judgment below; the record is also silent as to when notice was first given to the City. Therefore, this proceeding must be remanded for findings as to the responsibility of the plaintiff or his attorney for the delay and for findings as to when the plaintiff first gave notice to the City.

\* \* \* \* \* \*

Reversed and remanded for further proceedings consistent herewith.

---

**3.** Fairness requires the notation that present counsel did not represent the plaintiff in the Superior Court proceedings.