BRANDYWINE SMYRNA, INC., and
BCP Smyrna, Inc., Plaintiffs
Below, Appellants,

v.

MILLENNIUM BUILDERS, LLC,
Defendant Below, Appellee.

No. 53, 2011.

Supreme Court of Delaware.

Submitted: Nov. 9, 2011.
Decided: Dec. 9, 2011.

Jeffrey S. Goddess, Esquire, Rosenthal, Monhait & Goddess, P.A., Wilmington, Delaware, for appellants.

Francis X. Nardo, Esquire, Tybout, Redfearn & Pell, Wilmington, Delaware, and Michael J. Budow, Esquire (argued), Budow and Noble, P.C., Bethesda, Maryland, for appellee.

Before HOLLAND, JACOBS and RIDGELY, Justices.

HOLLAND, Justice:

The plaintiffs-appellants, BCP Smyrna, Inc. and Brandywine Smyrna, Inc. (together "Brandywine Smyrna"), own an automobile dealership in Smyrna, Delaware. BCP Smyrna, Inc. owns the real estate and structure and Brandywine Smyrna, Inc. operates the business. Joseph Renzi is the sole owner of both companies. In 2007, Mr. Renzi was having a second facility built across Route 13 from the existing dealership. During that construction, he decided to add a new roof to the original dealership. The defendant-appellee, Millennium Builders, LLC ("Millennium"), was hired to perform this roofing work.

On September 22, 2007, a significant rain storm moved through Smyrna. Unfortunately, the roofing work was incomplete and the new roof not yet sealed. The rain caused significant damage to the dealership: the rainwater dropped ceiling tiles, shorted out ceiling lights, buckled walls, generated sparking and short-circuiting in the electric box, and created water damage throughout the building. The dealership was evacuated and closed. The offices and showroom remained closed for approximately seven months to allow for repairs and additional updating.

Brandywine Smyrna hired Millennium for most of the repair work. Millennium was paid a total of $238,453 for this work. Brandywine Smyrna incurred additional expenses and losses associated with the water damage.

Brandywine Smyrna sued Millennium in contract and tort, alleging that Millennium failed to take necessary precautions to protect the premises from water damage. Millennium disputed the scope and the amount of the damages claimed by the plaintiffs due to the September 22, 2007 incident. The main source of contention was the fact that Brandywine Smyrna decided not to rebuild the water-damaged showroom to the same specifications as its original construction, but instead modernized that structure so that it would match the appearance of a new showroom which had just been constructed across the street.

Following an eight-day trial in the Superior Court, a jury awarded Brandywine Smyrna a total of $612,659 in damages. The itemized verdict reflected an award of $372,362 in property damage, $134,691 in lost car sales, $32,956 in lost parts and service sales, and $72,650 in additional interest expenses. This appeal does not concern the component amounts that were awarded by the jury.

The only issue before us on appeal is the trial judge's decision not to grant prejudgment interest on the amounts that were awarded by the jury. We have concluded that Brandywine Smyrna is entitled to prejudgment interest. Accordingly, this matter must be remanded to the Superior Court to determine the amount of prejudgment interest owed to Brandywine Smyrna by Millennium.

### Superior Court's Decision

Brandywine Smyrna filed a timely motion for prejudgment interest. The motion provided a computation of the prejudgment interest sought. On the amounts awarded for property damage ($372,362), loss of car sales ($134,691) and loss of parts and service ($32,956) (a total of $540,009), applying the statutory interest formula in title 6, section 2301(a) of the Delaware Code from the date of loss to the verdict, the prejudgment interest requested was $156,643.10. Brandywine Smyrna also asked for $4,315.41 of prejudgment interest on the additional interest expenses that were awarded by the jury. Thus, the total amount of prejudgment interest sought was $160,958.51.

The Superior Court denied Brandywine Smyrna prejudgment interest for two reasons. First, the trial judge concluded that Brandywine Smyrna was not entitled to prejudgment interest under title 6, section 2301(d) "because they requested a greater amount in their settlement demand than what the jury awarded." Second, the trial judge reasoned that the jury had already compensated Brandywine Smyrna for prejudgment interest by awarding them $72,650 in additional interest expenses, so that a post-trial award of prejudgment interest would amount to a double recovery.

### Tort Recovery—No Interest Due

■ The first issue is whether Brandywine Smyrna may recover prejudgment interest under title 6, section 2301(d) of the Delaware Code. We review the trial court's rulings on issues of statutory construction *de novo*.[1] Section 2301(d) reads:

In any tort action for compensatory damages in the Superior Court ... seeking monetary relief for bodily injuries, death or property damage, interest shall be added to any final judgment entered for damages awarded, calculated at the rate established in subsection (a) of this section, commencing from the date of injury, provided that prior to trial the plaintiff had extended to defendant a written settlement demand ... in an amount less than the amount of damages upon which the judgment was entered.[2]

As the statute unambiguously states, section 2301(d) applies only to tort claims, and it requires an award of prejudgment interest in the event that plaintiff's settlement offer is less than the amount of damages awarded at trial. In *State Farm Mut. Ins. Co. v. Enrique*, this Court, interpreting section 2301(d), stated that "[i]n Delaware, prejudgment interest only becomes an obligation of a litigating party ... when that party rejects a demand before trial for an

1. *Christiana Care Health Servs., Inc. v. Crist,* 956 A.2d 622, 629 (Del.2008) (citation omitted).

2. Del.Code Ann. tit. 6, § 2301(d) (West 2011).

amount less than what the jury awards as damages."[3]

In this case, Brandywine Smyrna, in a letter dated March 25, 2010, demanded the sum of $1,000,000.00. That demand letter stated, in part:

> Consistent with 6 *Del. C.* § 2301(d), this settlement demand is valid and capable of acceptance for thirty days. (Parenthetically, and as requested in the complaint, plaintiffs believe that they are entitled to pre-judgment interest against Millennium (and Graphic Arts) in any regard. This offer, invoking the interest statute, is made without any waiver or implied concession relative to that demand in the complaint.)

The final judgment rendered in this case awarded Brandywine Smyrna damages in the total amount of $612,659.00. Brandywine Smyrna's settlement offer of $1,000,000 exceeded the $612,659 damage award awarded by the jury. Therefore, under section 2301(d), Brandywine Smyrna is not entitled to the recovery of prejudgment interest, insofar as their claim lies in *tort.*[4]

### Contract Theory—Interest Due

■ That ruling is not dispositive, however, because the jury awarded Brandywine Smyrna $612,659 in damages on both its tort and its contract claims, without referencing what portion of the damage award was attributable to each of its respective theories of recovery. The plaintiffs' demand letter contained an express qualification that it was not waiving its request for prejudgment interest in the complaint, which alleged theories of both tort and contract. As earlier stated, section 2301(d) relates only to tort claims.

In *Moskowitz v. Mayor and Council of Wilmington*, we concluded that "[i]nterest is awarded in Delaware as a matter of right and not of judicial discretion."[5] In this case, the jury was not asked to specify, in its award, the particular amounts recoverable under the plaintiff's separate tort and contract claims. Therefore, Brandywine Smyrna's claim for prejudgment interest, based on Millennium's breach of contract, is not barred by section 2301(d). We hold that Brandywine Smyrna is entitled to recover prejudgment interest for the damages awarded for its breach of *contract* claim.

### Interest as Damages

■ Although Brandywine Smyrna is entitled to recover prejudgment interest on its contract claim, the Superior Court denied Brandywine Smyrna prejudgment interest on an independent alternative ground: that the jury's award of $72,650 in "additional interest expenses" constituted an award of prejudgment interest. We conclude that that additional interest amount did not constitute an award of prejudgment interest. Rather, that amount represented an element of the damages incurred by Brandywine Smyrna to account for the interest it was required to pay on the money borrowed as a result of Millennium's conduct.

Brandywine Smyrna's damages expert testified as to the additional interest expenses that Brandywine Smyrna claimed were incurred due to the water damage: first, $32,062 in floor plan interest because of the loss of a favorable borrowing rate due to the deterioration of its financial status; and second, $61,597 in interest on

**3.** *State Farm Mut. Auto. Ins. v. Enrique,* 16 A.3d 938, 2011 WL 1004604, at *2 (Del. Mar. 22, 2011).

**4.** *Id.*

**5.** *Moskowitz v. Mayor and Council of Wilmington,* 391 A.2d 209, 210 (Del.1978).

a loan to restore capital that was impaired by costs associated with construction. Accordingly, the jury was presented with expert testimony from Brandywine Smyrna that additional interest expenses totaled $93,659. Millennium presented contrary expert testimony in an attempt to mitigate the actual amount of interest expenses.

The record reflects that none of the expert testimony at trial addressed the issue of prejudgment interest. Nor was the jury advised that the amount claimed for additional interest expenses would include prejudgment interest. The jury was instructed, as follows:

> (c) Additional Interest Expense. The plaintiffs may be entitled to recover other aspects of damage which they suffered, or expenses which they incurred as a consequence of the accident, provided those damages are proven with a reasonable degree of certainty. It means that these damages, if any, may not be based upon conjecture, speculation or guesswork, but must be based upon actual facts from which a reasonably accurate conclusion regarding the amount of the loss can be logically and rationally drawn.

This instruction directed the jury to award Brandywine Smyrna the out-of-pocket interest expenses it incurred as a consequence of Millennium's conduct. On the jury verdict sheet, next to the words "additional interest expenses," the jury awarded Brandywine Smyrna $72,650 of the $93,659 that had been requested.[6] Those additional interest expenses were one component of Brandywine Smyrna's alleged actual damages. They were not prejudgment interest.

■ Prejudgment interest is conceptually separate and distinct from the additional interest expenses Brandywine Smyrna actually incurred and was awarded in this case. Prejudgment interest serves two purposes: first, it compensates the plaintiff for the loss of the use of his or her money; and, second, it forces the defendant to relinquish any benefit that it has received by retaining the plaintiff's money in the interim.[7] In this case, Brandywine Smyrna lost the use of the money it was required to pay as interest on the borrowing that was necessitated by Millennium's conduct. Accordingly, the amount awarded to Brandywine Smyrna for "additional interest expenses" was not prejudgment interest. Rather, it was an element of damages on which Brandywine Smyrna was entitled to *receive* prejudgment interest. The trial court erred in holding otherwise.

### Prejudgment Interest Due

■ In *Moskowitz*, this Court determined that, in addition to the principle that prejudgment interest in Delaware cases is awarded as a matter of right, the general rule is that "interest accumulates from the date payment was due the plaintiff, because full compensation requires an allowance for the detention of the compensation awarded and interest is used as a basis for measuring that allowance."[8] Millennium argues that Brandywine Smyrna is not entitled to prejudgment interest because their damage award was not calculable until trial and under Delaware common

---

6. The difference between Brandywine Smyrna's request for $93,659 and the jury's award of $72,650 in additional interest expenses suggests that the jury concluded that it only took five months, instead of eight months as argued by Brandywine Smyrna, to return the dealership to its pre-casualty condition.

7. *See Finkelstein v. Liberty Digital, Inc.,* 2005 WL 1074364, at *26 (Del.Ch. Apr. 25, 2005).

8. *Moskowitz v. Mayor and Council of Wilmington,* 391 A.2d at 210 (citations omitted).

law, prejudgment interest is awarded only when damages are quantifiable prior to judgment.[9] We disagree with that overbroad assertion.

Millennium's defense is essentially that because the expert testimony varied as to the exact extent of the consequential damages, the amount was not calculable prior to trial. That argument was explicitly rejected in *Janas v. Biedrzycki*.[10] The Superior Court's *Janas* opinion is particularly instructive:

> [I]t is undeniable that the value of the injury is calculable. Simply because the precise amount of the damage was not ultimately fixed until the award was rendered, does not diminish its pecuniary nature. Applying such logic would result in never finding pre-judgment interest is allowable, because the exact value of any given case is not determined until the finder of fact returns a verdict.[11]

We approve and affirm that rationale from *Janas*. In *Metro. Mut. Fire Ins. Co. v. Carmen Holding Co.*, this Court held that prejudgment interest must be awarded as a matter of right on an insurance contract claim, even though the amount of the loss under the insurance contract was in dispute prior to the verdict.[12]

In *Moskowitz*, this Court noted the strong public policy that favors providing full compensation to prevailing plaintiffs who do not contribute to the defendant's delay in paying.[13] In this case, Brandywine Smyrna did not delay its demand for payment for the consequential damages that were incurred as a result of Millennium's breach of contract. We hold that Brandywine Smyrna is entitled to prejudgment interest on the consequential damages that were awarded by reason of Millennium's breach of contract.

### Conclusion

The judgment of the Superior Court, on the issue of prejudgment interest, is reversed. This matter is remanded to the Superior Court for a determination of the amount of prejudgment interest that is due to Brandywine Smyrna. Jurisdiction is not retained.

---

9. *Rollins. Envtl. Servs., Inc. v. WSMW Indus., Inc.*, 426 A.2d 1363, 1364–66 (Del.Super.1980).

10. *Janas v. Biedrzycki*, 2000 WL 33114354 (Del.Super. Oct. 26, 2000).

11. *Id.* at *5.

12. *Metro. Mut. Fire Ins. Co. v. Carmen Holding Co.*, 220 A.2d 778, 781–82 (Del.1966).

13. *Moskowitz v. Mayor and Council of Wilmington*, 391 A.2d at 211.