SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

July 6, 2016

John C. Andrade, Esquire
Parkowski, Guerke and Swayze, P.A.
116 West Water Street
P.O. Box 598
Dover, DE 19903

Sean A. Dolan, Esquire
Law Office of Cynthia G. Beam
Christiana Executive Campus
131 Continental Drive, Suite 407
Newark, DE 19713-4301

RE:     *William Z. Shen and Qiao L. Shen Wang v. Nationwide Mutual Fire*
        *Insurance Company*
        *C.A. No. S12C-07-007 ESB*

Dear Counsel:

This is my decision on the Plaintiffs' Motion for Pre-judgment Interest and

Attorneys' Fees[1] and the Defendant's Motion to Compel Satisfaction of Judgment.

The jury returned a $60,800.00 verdict in favor of the Plaintiffs on May 3, 2016.  The

Defendant tendered a $60,800.00 check to the Plaintiffs on May 20, 2016.  The

Plaintiffs did not accept the check.  The Plaintiffs filed a Motion for Prejudgment

Interest and Attorneys' Fees on June 1, 2016.  The Defendant filed a Motion to

Compel Satisfaction of Judgment on June 1, 2016.  The dispute between the parties

is whether prejudgment interest is a "cost" that must be requested in accordance with

Superior Court Civil Rule 54(d).  This rule states "[e]xcept when express provision

_____

[1] The Plaintiffs withdrew their request for attorneys' fees.

therefor is made either in a statute or in these Rules or in the Rules of the Supreme Court, costs shall be allowed as of course to the prevailing party upon application to the Court within ten (10) days of the entry of final judgment unless the Court otherwise directs." The Delaware Supreme Court has found that "prejudgment interest is an *expense associated with the defense costs* and strategy in the case."[2] (Emphasis added). In *Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, the Delaware Supreme Court also noted that *Brandywine Smyrna* filed a *timely motion for prejudgment interest*.[3] (Emphasis added). In applying the holdings of these two cases to this case, it appears that prejudgment interest is categorized as a cost, and demand for that cost must be made in a timely fashion by filing a motion. Under Superior Court Civil Rule 54(d), that time period is ten days. Plaintiffs filed their motion 28 days after the jury issued its verdict, or 18 days past the cutoff date as determined by Rule 54(d). As such, Plaintiffs' Motion for Prejudgment Interest and Attorneys' Fees must be denied as untimely. The rationale for this requirement appears to be that there must be finality to a case, which Rule 54 accomplishes by imposing a 10-day deadline on any post-verdict request for costs by a plaintiff. Defendant's Motion to Compel Satisfaction of Judgment is granted.

---

[2] *State Farm Mutual Automobile Insurance Company v. Enrique,* 16 A.3d 939 (Del. 2011).

[3] 34 A.3d 482, 484 (Del. 2011).

IT IS SO ORDERED.

Very truly yours,

*/s/ E. Scott Bradley*

E. Scott Bradley

ESB/sal
cc:    Prothonotary