**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

April 5, 2023

Blake A. Bennett, Esquire
Cooch and Taylor P.A.
The Nemours Building
1007 North Orange Street, Suite 1120
Wilmington, DE 19801

C. Barr Flinn, Esquire
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

> RE: ***Brad Ainslie et al v. Cantor Fitzgerald LP,***
> Civil Action No. 9436-VCZ

Dear Counsel:

I write to address plaintiffs Brad Ainslie, Jason Boyer, Christophe Cornaire, John Kirley, Angelina Kwan, and Remy Servant's (collectively, "Plaintiffs") Motion for Entry of an Order and Final Judgment, on which the parties have joined issue on the prejudgment interest to be awarded to Plaintiffs in this matter.[1]  In particular, the parties dispute whether prejudgment interest should be compound or simple, and whether prejudgment interest should accrue throughout the full pendency of this litigation or if limited tolling is warranted.  I write for the parties, and refer anyone seeking background on this matter to my January 4, 2023 opinion on the parties' cross-motions for summary judgment.[2]

---

[1] Docket Item ("D.I.") 144.

[2] *Ainslie v. Cantor Fitzgerald, LP*, 2023 WL 106924 (Del. Ch. Jan. 4, 2023).

Plaintiffs seek interest compounded quarterly; defendant Cantor Fitzgerald LP seeks simple interest. Plaintiffs seek interest since the day of Defendant's breach; Defendant seeks an equitable pause for periods during which Plaintiffs failed to advance this matter.

Legal interest is available as of right, and the rate is fixed by statute.[3] "In the absence of an express contract rate, Delaware courts use the 'legal rate' as the default rate."[4] But the Court maintains the discretion to adjust the rate, to award compound or simple interest, and to reduce the amount recoverable as equity requires, including due to a plaintiff's delay.[5]

The Superior Court disfavors compound interest absent special circumstances; in keeping with that preference, this Court awards simple interest when the claim is a legal claim that could be brought in our sister court of law.[6]

---

[3] *Beard Research, Inc. v. Kates*, 8 A.3d 573, 620 (Del. Ch. 2010); 6 *Del. C.* § 2301.

[4] *Kates*, 8 A.3d at 620.

[5] *Wright v. Phillips*, 2020 WL 3410544, at *1 (Del. Ch. June 22, 2020); *Williams Cos., Inc. v. Energy Transfer LP*, 2022 WL 3650176, at *6 (Del. Ch. Aug. 25, 2022) ("[T]his Court has the discretion, in the absence of a provision to the contrary, to award either compound or simple prejudgment interest."); *In re S. Peru Copper Corp. S'holder Deriv. Litig.*, 52 A.3d 761, 816 (Del. Ch. 2011) (awarding simple interest instead of compound in light of the plaintiff's delays and the other components of the equitable remedy).

[6] *O'Riley v. Rogers*, 2013 WL 4506971, at *1 (Del. Super. Aug. 14, 2013) (citing David L. Finger & Louis J. Finger, *Delaware Trial Handbook* § 28.10); *Branin v. Stein Roe Inv. Counsel, LLC*, 2015 WL 4710321, at *8 (Del. Ch. July 31, 2015) (quoting *Brandin v.*

More broadly, this Court endeavors to award interest that will "compensate plaintiffs for losses suffered from the inability to use the money awarded during the time it was not available,"[7] and to "require the respondent to disgorge any [improper] benefit it received."[8]

I begin with the observation that this is a breach of contract case seeking damages and declaratory judgments, all of which are available in the Superior Court where simple interest is the norm. That this Court has statutory subject matter jurisdiction due to the type of contract at issue, a Delaware partnership agreement, does not make Plaintiffs' loss suffered or the benefit improperly enjoyed by Defendant any greater.[9] Simple interest is adequate here.

From there, I consider Defendant's request to reduce the amount of interest because of Plaintiffs' delay in prosecuting this action. "[T]his Court has the

---

*Gottlieb*, 2000 WL 1005954, at \*29 (Del. Ch. July 13, 2000) (explaining that the statutory rate should apply to legal claims); *Gottlieb*, 2000 WL 1005954, at \*29 ("As a general matter, it makes sense for the Court of Chancery to apply the statutory rate where the damage case before it is identical to a claim that could have been brought in Superior Court were there no need for this court to decide other equitable issues.").

[7] *Underbrink v. Warrior Energy Servs. Corp.*, 2008 WL 2262316, at \*19 (Del. Ch. May 30, 2008) (internal quotation marks omitted) (quoting *Trans World Airlines, Inc. v. Summa Corp.*, 1987 WL 5778 (Jan. 21, 1987)).

[8] *In re Mobilactive Media, LLC*, 2013 WL 297950, at \*27 (Del. Ch. Jan. 25, 2013) (internal quotation marks omitted) (quoting *Ramunno v. Capano*, 2006 WL 1830080, at \*1 (Del. Ch. June 23, 2006), *aff'd*, 922 A.2d 415 (Del. 2007) (TABLE)).

discretion to reduce prejudgment interest for 'delay that is the fault' or 'responsibility' of a plaintiff or his attorney, [which] reduction is typically reserved for situations involving 'inordinate' or deliberate delay."[10]

Plaintiffs or their counsel are at fault for inordinate delay in this matter, which was filed more than nine years ago. In particular, I attribute the following periods of inordinate delay to Plaintiffs or their counsel: (i) from the deposition of Defendant's Head of Partnership on July 12, 2017,[11] to Plaintiffs' service of new discovery requests on April 27, 2018,[12] and (ii) from Defendant's response to a deposition notice on May 28, 2019, to the parties' response to a status update from the Court on August 10, 2020.[13] While Plaintiffs seek to excuse these delays based on their counsel's filing for bankruptcy and efforts to retain new counsel, those problems remain at Plaintiffs' feet. Interest shall be tolled during these periods.

---

[9] D.I. 31 ¶ 14 (citing 6 *Del. C.* § 17-111 as the basis for subject matter jurisdiction).

[10] *Williams Cos.*, 2022 WL 3650176, at *7 (footnote omitted) (first quoting *Bishop v. Progressive Direct Ins. Co.*, 2019 WL 2009331, at *5 (Del. Super. May 3, 2019); then quoting *Moskowitz v. Mayor & Council of Wilm.*, 391 A.2d 209, 211 (Del. 1978)).

[11] D.I. 52.

[12] D.I. 61.

[13] D.I. 74; D.I. 75.

Defendant also asks that interest be reduced for the following delays: (i) from Defendant filing its answer on May 12, 2014,[14] to Plaintiffs serving discovery requests on September 9, 2014,[15] and (ii) from the entry of a consolidation order on June 10, 2016,[16] to Plaintiffs filing a consolidated complaint on October 4, 2016.[17] While not reflective of a diligent approach to this litigation, these delays are not inordinate. Finally, Defendant points to 176 days in which "the parties chose to pause discovery . . . while discussing the possibility of settlement."[18] This delay is not solely attributable to Plaintiffs or their counsel. Interest shall not be tolled during these periods.

I ask counsel to confer with their calculators and submit a stipulated proposed order. **IT IS SO ORDERED.**

Sincerely,

*/s/ Morgan T. Zurn*

MTZ/ms

Vice Chancellor

cc: All Counsel of Record, via *File & ServeXpress*

---

[14] D.I. 9.

[15] D.I. 11.

[16] D.I. 30.

[17] D.I. 31.

[18] D.I. 145 at 4 (citations omitted).