**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

ABIGAIL M. LEGROW
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
TELEPHONE (302) 255-0669

April 13, 2023

Jeffrey S. Goddess, Esquire
Carmella P. Keener, Esquire
Cooch & Taylor, P.A.
The Nemours Building
1007 N. Orange Street, Suite 1120
Wilmington, DE 19801

Kevin J. Mangan, Esquire
Ericka F. Johnson, Esquire
Womble Bond Dickinson, LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801

Jack B. Jacobs, Esquire
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19899

**RE:  Fortis Advisors, LLC v. Dematic Corp.**
**C.A. No. N18C-12-104 AML CCLD**

Dear Counsel,

I have reviewed the parties' supplemental briefs addressing the issues raised in my February 2, 2023 letter to counsel. This letter opinion resolves the disputed issues regarding interest and costs. To avoid repeating the Court's post-trial factual findings or this case's tortured procedural history, the Court expressly incorporates its December 29, 2022 post-trial opinion and the terms defined therein.

## Fortis's entitlement to prejudgment interest

Although the Court found in Fortis's favor as to nearly all its claims, Dematic urges the Court to deny Fortis any prejudgment interest in this case. Dematic argues

this result is warranted because: (1) Fortis failed "to follow the strict terms of the Merger Agreement," which delayed determination of Dematic's obligation to pay the Contingent Consideration; (2) Fortis's litigation strategy delayed resolution of this case, and Fortis should not now benefit from those delays; and (3) an award of prejudgment interest in the amount Fortis is seeking would be inequitable. None of these arguments supports the relief Dematic seeks.

Prejudgment interest is awarded as a matter of right in Delaware.[1] It is not a matter of judicial discretion.[2] Prejudgment interest serves two purposes: (1) compensating the plaintiff for the lost use of its money; and (2) divesting the defendant of any benefit it received by retaining the plaintiff's money during the case's pendency.[3]

Even if the Court had discretion to deny Fortis prejudgment interest, that result is not warranted here. First, Dematic argues Fortis's "failure" to follow the Merger Agreement's dispute resolution process and "failure" to provide adequate notice of the calculations it was disputing means Dematic's obligation to pay was not triggered until the Court issued its post-trial opinion. The Court already rejected Dematic's argument that the Merger Agreement's dispute resolution procedure applied to the parties' disputes in this case.[4] The Court also alternatively concluded Dematic waived the dispute resolution provision by failing to raise it in a timely manner.[5] The Court further held Fortis provided "timely written notice 'setting forth in reasonable detail its good faith basis'" for disputing Dematic's earn-out

---

[1] *Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 486 (Del. 2011).
[2] *Moskowitz v. Mayor and City Council of Wilmington*, 391 A.2d 209, 210 (Del. 1978).
[3] *Brandywine Smyrna, Inc.*, 34 A.3d at 486.
[4] *See* Post-Trial Memorandum Op. at 38-41.
[5] *Id.* at 41-42.

calculation as required by the Merger Agreement.[6]  Dematic's attempt to redeploy these arguments as a basis for the Court to deny Fortis prejudgment interest fails for all the reasons explained by the Court in its post-trial opinion.

Second, Dematic argues Fortis delayed filing this action and then engaged in "prolonged, scorched earth discovery tactics" that postponed resolution of the parties' dispute.  This argument is equally without merit.  The Court concluded in its post-trial opinion that the discovery issues in this case largely were attributable to Dematic.  The Court ultimately entered evidentiary presumptions as sanctions for Dematic's litigation conduct.[7]  Dematic also unsuccessfully sought to postpone trial several times.[8]  The Court therefore is unmoved by Dematic's argument that it was prejudiced by the delayed resolution of this case or that Fortis is to blame for the delays.

Finally, Dematic argues the amount of prejudgment interest Fortis is demanding would be inequitable given the Court's finding that Dematic's interpretation of a key contractual term at issue in the case was "at least plausible." Dematic points to no authority supporting the conclusion that prejudgment interest should be denied simply because a defendant raises a plausible defense at trial. Fortis demanded prejudgment interest in its complaint.[9]  Fortis could not demand a particular amount of prejudgment interest until judgment was entered, since that calculation necessarily depends on both the amount of the judgment and the date it is entered.  But Dematic was aware of the amount of damages Fortis was seeking

---

[6] *Id.* at 39.
[7] *Id.* at 21-28.
[8] *See, e.g.,* D.I. 164, 176.
[9] Compl. ¶ 20(B).

and the legal rate of interest in Delaware.  Under those circumstances, the dollar amount of the interest that ultimately accrued does not make the award inequitable.

**The calculation of prejudgment interest**

The parties agree that any prejudgment interest awarded by the Court should be at a fixed rate and should be set at the legal rate, which is 5% over the Federal Reserve discount rate.[10]  The parties dispute when prejudgment interest should begin to accrue, although Dematic did not propose any date other than the date the Court issued its post-trial opinion.  The Court finds that prejudgment interest should be awarded as of March 15, 2017 for the total Contingent Consideration awarded by the Court after trial.

The general rule is that prejudgment interest accrues from the date payment was due to the plaintiff because "full compensation requires an allowance for the detention of the compensation awarded and interest is used as a basis for measuring that allowance."[11]  When the underlying obligation at issue in a case arises from a contract, courts look to the contract to determine the date prejudgment interest should accrue.  The Merger Agreement required Dematic to deliver to Fortis an Earn-Out Notice setting forth Dematic's good faith calculation of the Contingent Consideration.[12]  Payment of the Earn-Out Merger Consideration was due three business days after Fortis received the Earn-Out Notice.[13]  Fortis received the Earn-Out Notice in this case on March 10, 2017, meaning payment of the Earn-Out Merger Consideration was due March 15, 2017.  As to the Escrow Amount, the parties have not provided a clear date when payment of that amount would have been

---

[10] *See* Fortis Supp. Br. at 8-9; Dematic Supp. Br. at 2.

[11] *Moskowitz v. Mayor and City Council of Wilmington*, 391 A.2d 209, 210 (Del. 1978).

[12] JX 6 § 3.1(h)(ii).

[13] *Id.* (g)(iii).

due had Dematic calculated it correctly. Fortis suggests the obligation accrued on March 10, 2017. The Court finds March 15, 2017 to be the most reasonable date. Although Dematic might plausibly argue the obligation to pay the Escrow Amount accrued in April 2017,[14] that later date would prejudice Dematic because the Federal Reserve discount rate increased to 1.50% as of March 16, 2017.[15] Accordingly, the Court adopts March 15, 2017 as the accrual date for the entire Contingent Consideration obligation.

## The calculation of post-judgment interest

Fortis is entitled to post-judgment interest as a matter of right under 6 *Del. C.* § 2301(a).[16] Dematic, however, argues post-judgment interest must be calculated "solely upon the principal amount of the award, absent the pre-judgment interest."[17] The authority Dematic cites for that principle, however, is inapplicable.[18] Several recent cases make clear that, subject to a court's discretion to order otherwise, "a party is [] entitled to post-judgment interest until the date of payment on an amount that includes both the amount of the judgment and the amount of prejudgment interest."[19] Federal cases interpreting an analogous federal statute agree with that

---

[14] Dematic sent its EBITDA Adjustment claim to the escrow agent on April 6, 2017. JX 28.

[15] *See* Fortis Supp. Br., Ex. 1.

[16] *See Noranda Aluminum Holding Corp. v. XL Insur. Am., Inc.*, 269 A.3d 974, 978 (Del. 2021) (holding Section 2301(a) establishes the statutory amount of post-judgment interest in a breach of contract dispute).

[17] Dematic Supp. Br. at 12.

[18] Dematic cites *CEDE & Co. v. Cinerama, Inc.*, 1994 WL 1753202, at *1 n.1 (Del. Ch. Dec. 6, 1994), which was a statutory appraisal case with interest governed by 8 *Del. C.* § 262, and *In re Bracket Holding Corp. Litig.*, 2020 WL 764148, at *14 (Del. Super. Feb. 7, 2020) and *Permint v. Kia Motors Am., Inc.*, 2022 WL 2443009, at *2 (Del. Super. Jun. 23, 2022), which were tort actions governed by 6 *Del. C.* § 2301(d).

[19] *BTG Int'l., Inc. v. Wellstat Therapeutics Corp.*, 2017 WL 4151172, at *21 (Del. Ch. Sept. 29, 2017). *See also CertiSign Holding, Inc. v. Kulikovsky*, 2018 WL 2938311, at *29 (Del. Ch. Jun. 7, 2018); *Miller v. Trimont Global Real Estate Advisors, LLC*, 587 F.Supp.3d 170, 200-01 (D. Del. 2022).

principle.[20]  Accordingly, Fortis is entitled to post-judgment interest on the sum of the principal amount of the judgment and the accrued prejudgment interest.

## Fortis's Bill of Costs

Dematic objects to two items in Fortis's Bill of Costs.[21]  First, Dematic objects to the $3,200 requested as costs for Fortis's expert witness's deposition.  The Court agrees with Dematic that Fortis has not provided sufficient documentation supporting the amount of that request.[22]  The invoice attached as Exhibit B to Fortis's Bill of Costs shows Fortis's expert spent nine undifferentiated hours preparing for his deposition and testifying at it.  Fortis seeks a portion of that amount without explaining its calculation.  Accordingly, the Court will allow costs of $1,300 for the expert's trial testimony, which is appropriately documented.

Second, Dematic objected to the $786 in copying costs for the trial exhibits, arguing "the cost of presenting trial exhibits is traditionally borne by the party presenting the evidence."[23]  The Court agrees with Dematic; the costs of copying the trial exhibits cannot be recovered under Superior Court Rule 54.[24]

---

[20] *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989); *Skretvedt v. E.I. duPont de Nemours*, 372 F.3d 193, 217 (3d Cir. 2004); *CIGNEX Datamatics, Inc. v. Lam Research Corp.*, 2021 WL 212692, at *3 (D. Del. Jan. 21, 2021).

[21] *See* D.I. 239.

[22] *See Kirkwood v. United Servs. Auto. Ass'n*, 1995 WL 44513, at *2 (Del. Super. Jan. 18, 1995) (citing *Sliwinski v. Duncan*, 1992 WL 21132 (Del. Jan. 15, 1992) for the proposition that the burden is on the party requesting compensation to provide sufficient documentation to enable the trial court to determine a reasonable amount of compensation for an expert's testimony)). Moreover, Fortis did not establish that the deposition was entered into evidence, which appears to be a prerequisite for recovering deposition costs.  *See* Super. Ct. R. 54(h); *DeSantis v. Gardiner*, 2020 WL 240209, at *4-5 (Del. Super. Jan. 10, 2020).

[23] Dematic Supp. Br. at 13.

[24] *See Sliwinski v. Duncan*, 1992 WL 21132, at *4 (Del. Jan. 15, 1992) ("the cost of presenting [] trial exhibits at trial [] are traditionally borne by the party presenting the evidence.").

Accordingly, the Court finds Fortis is entitled to the following costs for litigating this case:

Court Costs …………………………………………….    $2,824.00

Expert Witness Fee …………………………………….    $1,300.00

Fortis shall file a proposed final order and judgment within three business days incorporating the rulings set forth above.

**IT IS SO ORDERED.**

Sincerely,

 */s/ Abigail M. LeGrow*
Abigail M. LeGrow, Judge