**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| KEVIN BROWN, STEVEN LAMB, and CHRIS BERTRAND, | ) ) ) | |
| Plaintiffs/Counterclaim Defendants, | ) ) ) ) | |
| v. | ) ) | C.A. No. 2021-0262-KSJM |
| COURT SQUARE CAPITAL MANAGEMENT, L.P., COURT SQUARE CAPITAL GP, LLC, and COURT SQUARE CAPITAL GP III, LLC, | ) ) ) ) ) ) ) | |
| Defendants/Counterclaim Plaintiffs. | ) ) | |

**ORDER RESOLVING DISPUTE OVER
PREJUDGMENT INTEREST**

1. On December 15, 2023, the court issued a Post-Trial Memorandum Opinion (the "Post-Trial Opinion"). Readers are directed to the Post-Trial Opinion for a full account of the court's findings and holdings.[1] By way of summary, Plaintiff Kevin Brown was a partner at Court Square Capital Management, L.P., and received carried interest in two of Court Square's funds during his tenure with the company. He resigned from Court Square in 2016 to join MSD Capital, and Court Square continued making carried interest payments to Brown for years after his resignation. Beginning in 2019, however, other employees left Court Square to join MSD. Court Square sent letters accusing Brown and the other former employees of breaching non-

---

[1] 2023 WL 8665122 (Del. Ch. Dec. 15, 2023).

compete provisions in the LLC agreements that govern their rights to carried interest. The letter campaign escalated, Court Square ceased making carried interest payments to Brown, and Brown brought this suit to enforce his rights to carried interest payments under the LLC agreements. Court Square asserted counterclaims for breach of non-compete and confidentiality provisions in the LLC agreements. The Post-Trial Opinion found in favor of Brown.

2. The court ordered the parties to confer on a form of final judgment. In their meet and confers, the parties agreed that the Post-Trial Opinion required Court Square: to repay Brown all carried interest he is owed in the principal amount of $5,366,674; to pay Brown all carried interest going forward; to pay prejudgment and post-judgment interest; and to calculate interest on a per diem basis for each payment of carried interest Court Square improperly withheld based on the floating Federal Funds rate. The parties dispute whether prejudgment interest should be simple or compound.[2] Court Square argues for simple interest. Brown argues for interest compounded monthly.

3. Generally, this court has "broad discretion, subject to principles of fairness, in fixing the rate to be applied."[3] That includes the "discretion to select a

---

[2] The parties seem to limit their dispute to prejudgment interest. *See* C.A. No. 2021-0262-KSJM Docket ("Dkt.") 185, Proposed Final Order ¶ 2 (bold language); Dkt. 186 at 1 ("Court Square respectfully respects that the Court direct that prejudgment interest in this matter be computed on a simple, rather than a compound basis.").

[3] *Summa Corp. v. Trans World Airlines, Inc.*, 540 A.2d 403, 409 (Del. 1988) (citations omitted); *Levey v. Browstone Asset Mgmt., LP*, 2014 WL 4290192, at *1 (Del. Ch. Aug. 29, 2014).

rate of interest higher than the statutory rate[,]" including "the lesser authority to award compounding."[4]

4.   In Delaware, prejudgment interest is awarded as a matter of right and computed from the day payment is due.[5]  "Prejudgment interest serves two purposes"—one compensatory and one restitutionary.[6]  "[F]irst, [prejudgment interest] compensates the plaintiff for the loss of the use of his or her money; and,

---

[4] *Gotham P'rs, L.P. v. Hallwood Realty P'rs, L.P.*, 817 A.2d 160, 173 (Del. 2002) (quoting *Brandin v. Gottlieb*, 2000 WL 1005954, at *29 n.83 (Del. Ch. July 13, 2000)); s*ee also Whittington v. Drago Gp. L.L.C.*, 2011 WL 1457455, at *15 (Del. Ch. Apr. 15, 2011) ("As part of its discretion to fashion an appropriate remedy, this court has the discretion to award either compound or simple interest." (citing *Cede & Co. v. Technicolor, Inc.*, 684 A.2d 289, 301 (Del. 1996)).

[5] *Moskowitz v. Mayor and Council of Wilm.*, 391 A.2d 209, 210 (Del. 1978) ("Interest is awarded in Delaware as a matter of right and not of judicial discretion. As a general rule, interest accumulates from the date payment was due [to] the plaintiff, because full compensation requires an allowance for the detention of the compensation awarded and interest is used as a basis for measuring that allowance." (citations omitted)).

[6] *Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 486 (Del. 2011) (citation omitted); *see also Browstone Asset Mgmt.*, 2014 WL 4290192, at *1 ("An award of interest serves two purposes. It compensates the [judgment creditor] for the loss of use of its capital during the pendency of the [proceeding] and causes the disgorgement of the benefit [the judgment debtor] has enjoyed during the same period." (alterations in original) (quoting *Gholl v. eMachines, Inc.*, 2004 WL 2847865, at *8 (Del. Ch. Nov. 24, 2004))); *Wacht v. Cont'l Hosts, Ltd.*, 1994 WL 728836, at *2 (Del. Ch. Dec. 23, 1994) (finding prejudgment interest serves two purposes: "First, it compensates the plaintiff for the loss of use of his money during the time spent to recover it[,] and "[s]econd, awarding interest to a plaintiff forces defendants to disgorge the benefit they obtained from having the use of plaintiff's funds as a result of defendants' wrongful conduct." (citing *Trans World Airlines, Inc. v. Summa Corp.*, 1987 WL 5778, at *1, *4 (Del. Ch. Jan. 21, 1987), *aff'd*, 540 A.2d 403 (Del. 1988))).

second, it forces the defendant to relinquish any benefit that it has received by retaining the plaintiff's money in the interim."[7]

5. Historically, Delaware courts "disfavored the practice of compounding interest."[8] Delaware's legal rate of interest, set forth in 6 *Del. C.* § 2301(a), has been interpreted as providing for simple interest only.[9] This historical practice, however, is problematic because market realities mean "even the most unsophisticated" of litigants are "easily capable of earning compound interest" through "commercial lending and savings institutions."[10] Compound interest is thus necessary to fully compensate a plaintiff and disgorge undue profits from a defendant.

6. Recognizing the problems with the historical approach, the Court of Chancery broke away from it in 2000 in *Brandin v. Gottlieb*.[11] There, the court found in favor of the plaintiff on her contractual claims against her former business partner.[12] In setting the interest, the court found that "fairness dictates that the pre-judgment interest awarded . . . be compounded."[13] The court based this decision on

---

[7] *Brandywine Smyrna*, 34 A.3d at 486.

[8] *Trans World Airlines*, 540 A.2d at 410.

[9] *See, e.g.*, *Rehoboth Marketplace Assocs. v. State*, 625 A.2d 279, 1993 WL 191465, at *1 (Del. Apr. 26, 1993) (TABLE) ("[c]ompound interest on awards is not permitted under Delaware law" (citing *Weinberger v. UOP, Inc.*, 517 A.2d 653, 657 (Del. Ch. 1986))).

[10] *Smith v. Nu-West Indus.*, 2001 WL 50206, at *1 (Del. Ch. Jan. 12, 2001) (citing *Onti, Inc. v. Integra Bank*, 751 A.2d 904, 926–29 (Del. Ch. 1999)).

[11] 2000 WL 1005954 (Del. Ch. July 13, 2000).

[12] *Id.* at *29.

[13] *Id.*

4

"market realities" concerning compound interest, including the plaintiff's "financial sophistication" and "the probability that [the defendant] earned more than the legal rate of interest on the moneys he owe[d]."[14]

7. In reaching this outcome, the court recognized its broad discretion in fixing the rate of interest, subject to fairness.[15] The court also recognized that the historical approach might warrant denying compound interest in the case of legal claims. The court observed that: "[I]t makes sense for the Court of Chancery to apply the statutory rate [and award simple interest] where the damage case before it is identical to a claim that could have been brought in Superior Court were there no need for this court to decide other equitable issues."[16] The court further stated that, although it had resolved the dispute on contract grounds, the parties had a fiduciary relationship and the court could have decided the action on equitable grounds.[17] The court thus found compound interest appropriate.

8. The Delaware Supreme Court expressly endorsed the rule of *Brandin* in 2002 in *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*[18] The issue on appeal was whether the "Court of Chancery erred by awarding compound interest on

---

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] 817 A.2d 160 (Del. 2002).

a damages award[.]"[19]  The appellees had argued that the "Court of Chancery may not award compound interest as a matter of law."[20]

9.  The high court agreed that "Delaware courts have traditionally disfavored compound interest."[21]  But the court held: "[W]e agree with the Court of Chancery that its uncontested 'discretion to select a rate of interest higher than the statutory rate . . . includ[es] the lesser authority to award compounding.'"[22]  The court reasoned that "[t]he rule or practice of awarding simple interest, in this day and age, has nothing to commend it—except that it has always been done that way in the past."[23]

10.  Although the reasoning of *Gotham* criticized simple interest generally, the holding affirmed only the Court of Chancery's ability to deviate from the historical approach.  Consequently, for the last few decades, the Court of Chancery has awarded

---

[19] *Id.* at 173 (formatting altered).

[20] *Id.*

[21] *Id.* (citation omitted).

[22] *Id.* (second alteration in original) (quoting *Brandin*, 2000 WL 1005954, at *29 n.83).

[23] *Id.* (alteration in original) (quoting *Onti*, 751 A.2d at 929).

compound interest as a matter of practice.[24]  The Superior Court, meanwhile, has remained faithful to the historical approach.[25]

11.     Judge Clark recently addressed this issue in *LCT Capital, LLC v. NGL Energy Partners LP*.[26]  In a scholarly analysis, Judge Clark concluded that the Superior Court does not have the discretion, unlike the Court of Chancery, to deviate from awarding simple interest.[27]  In reaching this conclusion, Judge Clark stated

---

[24] *See generally* Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 16.09[f][1] (2022) (recognizing that "the Court of Chancery now has shed much of its traditional reluctance about awarding compound interest and will grant such an award in appropriate cases, determining whether such an award is appropriate based on the parties' sophistication, the realities of the financial market, and common sense" (collecting cases)).

[25] *See, e.g., LCT Cap., LLC v. NGL Energy P'rs LP*, 2023 WL 4102666, at *5–9 (Del. Ch. June 20, 2023); *Balooshi v. GVP Glob. Corp.*, 2022 WL 576819, at *14 (Del. Super. Feb. 25, 2022), *aff'd*, 285 A.3d 839 (Del. 2022) (TABLE); *Pro. Investigating & Consulting Agency, Inc. v. Hewlett-Packard Co.*, 2015 WL 1417329, at *11 (Del. Super. Mar. 23, 2015).

[26] 2023 WL 4102666.

[27] *Id.* at *5–9.  In reaching this conclusion, Judge Clark looked at three Delaware Supreme Court decisions— *Trans World Airlines*, *Stone*, and *Rehoboth Marketplace*. *Id.* at *7 (discussing *Trans World Airlines*, 540 A.2d 403; *Stone & Co., Inc. v. Silverstein*, C.A. No. 298, 1998 (Del. Apr. 1, 1999) (ORDER); *Rehoboth Marketplace Assocs.*, 1993 WL 191465).  *Trans World Airlines* and *Stone* held that the Court of Chancery retained the discretion to award compound interest.  *Id.* (citing *Trans World Airlines*, 540 A.2d at 410; *Stone*, No. 298, 1998 ¶ 20).  *Rehoboth Marketplace* held, in an abbreviated discussion, that the Superior Court did not have that discretion.  *Id.* (citing *Rehoboth Marketplace Assocs.*, 1993 WL 191465, at *1 ("Compound interest on awards is not permitted under Delaware law." (citations omitted))).  The *Rehoboth* court did not explain its rationale but cited to this court's decision in *Weinberger v. UOP, Inc.*, which merely stated the historical approach of "providing only simple interest."  517 A.2d 653, 657 (Del. Ch. 1986) (citing *Papendick v. Robert Bosch GmbH*, 1981 WL 291739, at *4 (Del. Super. Aug. 4, 1981), *aff'd*, 450 A.2d 894 (Del. 1982) (TABLE)).  The *Weinberger* court relied on the Superior Court's decision in *Papendick v. Robert Bosch GmbH*, which in turn relied on the Superior

7

that "[t]here may be excellent arguments and a trend, based upon commercial expectations, to make compound interest the default," but, under extant law, he lacked the discretion to do so.[28]

12. As it stands, therefore, the Court of Chancery can award compound interest, but the Superior Court cannot.[29] This split provides an incentive for plaintiffs to artfully plead a basis for filing their otherwise legal claims in this court, as Vice Chancellor Zurn observed in *Ainslie v. Cantor Fitzgerald LP*.[30] To neutralize this incentive, Vice Chancellor Zurn denied compound interest in *Ainslie*. In line with the equitable/legal distinction of *Brandin*, she concluded that where a plaintiff filed a claim in this court for breach of contract seeking relief that is available in the Superior Court, this court should follow the "norm" of the Superior Court, which is simple interest.[31]

---

Court's decision in *Rollins Environmental Services, Inc. v. WSMW Industries, Inc.*, where the Superior Court noted its past preference for awarding simple interest, and then found that awarding compound interest functioned as an end-run around the statutory interest rate, and therefore would need the consent of the legislature. 1981 WL 3297, at *1 (Del. Super. Mar. 6, 1981) (citing *Martin v. The Star Publ'g Co.*, 107 A.2d 795 (Del. Super. 1954)).

[28] 2023 WL 4102666, at *8 (citing *Brandin*, 2000 WL 1005954, at *28).

[29] The *LCT Capital* court noted that there was at least one deviation from the Superior Court's practice of awarding simple interest. *Id.* (citing *Fortis Advisors, LLC v. Dematic Corp.*, 2023 WL 2967781, at *2 (Del. Super. Apr. 13, 2023)).

[30] 2023 WL 2784802, at *2 (Del. Ch. Apr. 5, 2023).

[31] *Id.*

13.    Court Square invokes *Ainslie* to urge the court to enter an award of simple interest.[32] Brown argues that compound interest is fair and appropriate and distinguishes *Ainslie* on two grounds. First, drawing on the equitable/legal distinction of *Brandin*, Brown sought equitable relief in the form of specific performance of his carried interest rights. Second, the LLC agreements at issue included forum provisions stipulating to the exclusive jurisdiction of this court.[33]

14.    The equitable/legal distinction does not clearly favor Brown. It is accurate to say that Brown sought specific performance. But because Brown sought money damages, the utility of his claim for specific performance was arguably limited to his request for prospective relief under the LLC agreements. The damages award for Brown's past-due payments were arguably substitutionary and legal in nature.[34] Because Brown does not earn prejudgment interest on prospective relief, the equitable aspect of Brown's claim could be viewed as irrelevant to the award of prejudgment interest.

15.    The second distinction that Brown draws is more persuasive. Although parties cannot confer jurisdiction on this court through agreement,[35] their attempt to

---

[32] Dkt. 186 at 2 (Court Square Ltr.).

[33] Dkt. 185 at 4–5 (Brown Ltr.).

[34] I oversimplify a complicated issue. Where the requested relief is a payment of money, prospective or retrospective, drawing the equitable/legal distinction can be tricky. *See generally* Colleen P. Murphy, *Money as a "Specific" Remedy*, 58 Ala. L. Rev. 119 (2006). This issue presents quite the rabbit hole, but one that is easily sidestepped here because I find in Brown's favor on other grounds.

[35] *El Paso Nat. Gas Co. v. TransAmerican Nat. Gas Corp.*, 669 A.2d 36, 39 (Del. 1995) ("It is a cardinal principle of the law that jurisdiction of a court over the subject matter

do so here reflects that Brown and Court Square intended that the norms of this court would govern their dispute. Also, interpreting the parties' forum selection to apply to this court's approach to interest is consistent with the composition of the litigants—an investment firm and its former partner. This court has rightly observed that "even the most unsophisticated" of litigants are "easily capable of earning compound interest" through "commercial lending and savings institutions[.]"[36] The sophisticated nature of the parties to this litigation makes this point even stronger. There is no doubt that Court Square has earned the equivalent of compound interest on the sum it owes to Brown, which Brown—Court Square's former partner—could have earned if his carried interest had not been wrongfully withheld.[37] Simple interest would, therefore, unjustly deprive Brown and reward Court Square. Compensatory and restitutionary concerns thus call for compound interest.

16. Were an award of simple interest not manifestly unfair to Brown, policy considerations concerning forum shopping might warrant that result.[38] But simple interest would be unfair. And there are good grounds to distinguish this case from actions like *Ainslie* awarding simple interest.

---

cannot be conferred by consent or agreement." (quoting *Timmons v. Cropper*, 172 A.2d 757, 760 (Del. Ch. 1961))).

[36] *Nu-West Indus.*, 2001 WL 50206, at *1 (citing *Onti, Inc.*, 751 A.2d at 926–29).

[37] *See Brandin*, 2000 WL 1005954, at *28 (noting the plaintiff's "financial sophistication" and "the probability that [the defendant] earned more than the legal rate of interest on the moneys he owe[d]" as reasons for awarding compound interest).

[38] Clarity from the Delaware Supreme Court concerning whether the Superior Court has the discretion to award compound interest would also address forum shopping concerns.

17.     For these reasons, Brown is awarded compound interest.  The court has discretion to select a compounding interval, which will be quarterly.[39]  Brown shall submit a form of final judgment consistent with this decision and with the agreements reached through the parties' meet and confers.

/s/ Kathaleen St. J. McCormick
Chancellor Kathaleen St. J. McCormick
Dated: April 17, 2024

---

[39] Brown requested a monthly interval, and I am open to the possibility that there are good arguments for that position.  But the recent practice of this court in cases like this has been to compound quarterly.  *See, e.g.*, *Murphy Marine Servs. of Del., Inc. v. GT USA Wilm., LLC*, 2022 WL 4296495, at *24 (Del. Ch. Sept. 19, 2022) ("When the court 'award[s] the legal rate of interest, the appropriate compounding rate is quarterly.'" (alteration in original) (quoting *Doft & Co. v. Travelocity.com Inc.*, 2004 WL 1152338, at *12 (Del. Ch. May 20, 2004))); *see also* Wolfe & Pittenger, *supra*, § 16.09[f][1] n.183 (collecting cases).  And Brown does not present any good arguments for deviating from that practice.  *See* Dkt. 185 at 4 (inaccurately describing monthly compounding as the court's default, citing to select cases issued between 1997 and 2005).  His request for a monthly interval is denied.

11